Mark LaBOUNTY, Plaintiff–Appellant,

v.

Stephen G. ADLER, E. Carrillo, Walter A. Burdge, J. Grigioni, and all Program Committee Members, Defendants–Appellees.

No. 1188, Docket 90–2543.

United States Court of Appeals, Second Circuit.

Submitted March 7, 1991.

Decided May 14, 1991.

Mark LaBounty, pro se.

Tyrone Mark Powell, New York City, Asst. Atty. Gen. of State of N.Y., Robert Abrams, Atty. Gen., for defendants-appellees.

Before KAUFMAN, KEARSE and PRATT, Circuit Judges.

GEORGE C. PRATT, Circuit Judge:

*Pro se* plaintiffs create unique problems for federal courts. In recognition of this uniqueness, courts have developed some special strategies and guidelines to deal with such litigants. We are obliged to construe their pleadings and papers liberally. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Incarcerated *pro se* litigants, since they cannot avail themselves of the freedom of other litigants, may "file" a notice of appeal simply by delivering it to prison authorities for mailing, rather than by actually filing it with the clerk of court as is generally required. *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). Additionally, judges in our circuit have generally been flexible with time requirements and defaults where a *pro se* litigant is concerned. We are fully cognizant of the burdens that *pro se* actions place not only upon our district judges, but upon this court as well. Indeed, hardly a week goes by that we do not dismiss a number of appeals brought by *pro se* litigants because the underlying suits are "frivolous or malicious". 28 U.S.C. § 1915(d).

Nevertheless, our desire for efficiency and even our subjective confidence in the ultimate result achieved do not permit a disregard for the Federal Rules of Civil Procedure such as occurred in this case. According to his complaint, filed on a standard *pro se* complaint form, Mark LaBounty is a black inmate at Green Haven Cor-

rectional Facility, a penal institution of the New York Department of Corrections. He arrived at Green Haven on January 17, 1989, and put in a request for a work assignment as an electrician. An electrician by trade, LaBounty nevertheless was told that he had to complete 90 days of "school, vocation, and or industry" [*sic*] before he could become eligible for the maintenance electrician program.

According to LaBounty's complaint, a white inmate, who arrived at Green Haven on the same day and on the same bus as LaBounty, was given a program assignment without having to complete any 90-day school, vocation, or industry requirement; two other white inmates, who arrived at Green Haven the previous week, were similarly given work assignments without having to complete 90 days of school, vocation, or industry; and no blacks at all had been assigned to the maintenance electrician program for a period of ten years.

On these facts LaBounty claimed violations of (1) his eighth amendment right to be free of cruel and unusual punishment, and (2) his fourteenth amendment right to equal protection of the laws.

Defendants moved to dismiss the complaint under Fed.R.Civ.P. 12(b)(1), 12(b)(6) and 12(h)(3), and under 28 U.S.C. § 1915(d). No affidavits supported the motion, which was expressly based "upon the summons and complaint and upon the accompanying memorandum of law".

The district court granted defendants' motion and dismissed the complaint in its entirety. In its decision, however, the court relied upon considerable factual material that was not in the complaint, but was set forth by defendants in their memorandum of law. In essence defendants advanced, and the court accepted, the factual contention that LaBounty was not qualified to work in the electrical maintenance program.

■ Rules 12(b)(1) and 12(h)(3) provide no basis for relief to defendants. Relief, if at all, would have to be based on Fed.R. Civ.P. 12(b)(6). Upon such a motion, all factual allegations in the complaint must be taken as true and construed favorably to the plaintiff. *Ortiz v. Cornetta,* 867 F.2d 146, 149 (2d Cir.1989); *see Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Conley v. Gibson,* 355 U.S. 41, 45–48, 78 S.Ct. 99, 101–03, 2 L.Ed.2d 80 (1957). Rule 12(b)(6) does not give the district court authority to consider matters outside the pleadings; it simply delineates the procedures which must be followed in testing the legal sufficiency of a complaint. *Kopec v. Coughlin,* 922 F.2d 152, 155 (2d Cir.1991). If the movant wishes to test the factual underpinnings of the complaint, it may submit proper evidence outside the pleadings and move for summary judgment under Rule 56. *Id.* at 154–55. The nonmovant must then be given an opportunity to respond. *Id.*

■ The defendants argue on appeal that LaBounty's allegations are not sufficient to state a claim for discriminatory treatment, since they do not amount to a claim that the white inmates referred to were given positions in the maintenance electrician program. But such an allegation is not necessary to avoid dismissal of this *pro se* complaint. LaBounty did allege that similarly-situated white inmates were given work assignments without having to complete any 90–day program, while LaBounty, who is black, had the additional obstacles placed in his way. LaBounty further alleged that "all persons assigned as institution electricians are non-Black and there are witnesses who can testify that it has been that way for the past ten (10) years that they know of." Thus, his complaint not only alleges that he was treated differently because of his race, but also, drawing a fair inference, that black inmates in the past have been treated differently because of their race. We think these allegations by a *pro se* prisoner sufficiently set forth an equal protection claim.

■ As to his eighth amendment claim, LaBounty alleges, based on the same facts, that "the refusal to allow plaintiff an electrician assignment due to my race, subjected him to cruel and unusual punishment" [*sic*]. To constitute a violation of the cruel

and unusual punishment clause of the eighth amendment, a prisoner must allege something akin to "unnecessary and wanton infliction of pain", *Gregg v. Georgia*, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976) (joint opinion of Stewart, Powell, and Stevens, JJ.), or punishment "incompatible with 'the evolving standards of decency that mark the progress of a maturing society.'" *Estelle v. Gamble*, 429 U.S. 97, 102, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976) (quoting *Trop v. Dulles*, 356 U.S. 86, 101, 78 S.Ct. 590, 598, 2 L.Ed.2d 630 (1958)).

■ The conduct of which LaBounty complains—exclusion from the prison's maintenance electrician program—does not even constitute "punishment", let alone punishment that is "cruel and unusual". Consequently, his eighth amendment claim, being facially invalid, was properly dismissed.

Although the portion of LaBounty's complaint which alleges that the denial of a prison work assignment constituted cruel and unusual punishment was properly dismissed because it was facially invalid, the remainder of his complaint, taking all facts as true, paints a sufficient picture of racial discrimination in violation of his right to equal protection of the laws to survive dismissal at the pleading stage. Consequently, that portion of his complaint should not have been dismissed under Fed.R.Civ.P. 12(b)(6).

We affirm the judgment in part, reverse the judgment in part, and remand for further proceedings on LaBounty's equal protection claim.