**Frank SACCO, Plaintiff,**

v.

**William MATTER and Matter Contracting Co., Inc., Defendants.**

**No. 90–CV–693 (FJS).**

United States District Court, N.D. New York.

March 2, 1994.

**36**

Frank Sacco, pro se.

Iseman, Cunningham, Riester & Hyde, Albany, NY (Frederick C. Riester, of counsel), for defendants.

### DECISION AND ORDER

SCULLIN, District Judge:

### Introduction

This is a contract dispute in which plaintiff claims that defendants breached their verbal contract whereby plaintiff was to dump demolition and construction material on defendants' property in Coxsackie, New York. This case was originally filed in the District of New Jersey and was transferred *sua sponte* to the Northern District by Magistrate Donald Haneke in June 1990. On September 21, 1990, the Clerk entered a default judgment against defendants. That default was struck and plaintiff's motion for a default judgment was denied by Judge Munson of this court on November 27, 1990.

On June 26 and July 24, 1992, the Clerk's Office notified the parties that the court had placed this action on the dismissal calendar pursuant to Local Rule 11. On August 28, 1992, this court dismissed the action for failure to prosecute, judgment being entered on September 9, 1992.

### The Instant Motion

The matter is presently before this court on plaintiff's motion to vacate that judgment. Plaintiff moved for relief on August 6, 1993 and the Court considered this motion "on submit," finding no need for oral argument. Plaintiff seeks vacation of the judgment by claiming that he never received notice of the placement of the case on the dismissal calendar.

Plaintiff is presently incarcerated in Marion, Illinois. On December 21, 1993, he submitted a letter representing that in 1991, he was transferred from Goshen, New York to Bismarck, North Dakota and then to Marion, Illinois in January 1993. Therefore, he claims not to have received notice from the clerk of the impending motion, which was sent to Goshen. In that letter, he also represented that after he was transferred to North Dakota, he sent defendants' counsel "a letter which was returned, the reason [being] that he was no longer with the firm of DeGraff, Foy," et al.

Defendants' counsel has submitted no formal opposition but in a December 16, 1993 letter, states that plaintiff never advised him that he had been transferred from Goshen to Marion, Illinois and "[u]nder the circumstances ... submit[s] that a necessary showing has not been made to permit Mr. Sacco to be relieved of the order of judgment in this case."

### "Excusable Neglect" and Incarcerated Pro Se Litigants

Pursuant to Fed.R.Civ.P. 60(b)(1), a district court may relieve a party from judgment upon a showing of mistake, inadvertence, surprise, or excusable neglect. The party seeking such relief must do so within one year from the date of the entry of judgment. Fed.R.Civ.P. 60(b). Whether to grant relief is committed to the district court's sound discretion. *Mendell In Behalf Of Viacom, Inc. v. Gollust,* 909 F.2d 724, 731 (2d Cir.1990), *aff'd,* 501 U.S. 115, 111 S.Ct. 2173, 115 L.Ed.2d 109 (1991).

Excusable neglect is often described as requiring a showing of exceptional circumstances, *Id.; Nemaizer v. Baker,* 793 F.2d 58, 61 (2d Cir.1986), although the requisite showing seems less stringent for *pro se* litigants. Further, one district court within this circuit has interpreted current Second Circuit law as holding that " 'incarcerated pro se litigants, since they cannot avail themselves of the freedom of other litigants,' are generally given even greater consideration than other pro se litigants in complying with formalities", quoting *LaBounty v. Adler,* 933 F.2d 121, 122 (2d Cir.1991). While *LaBounty* does not expressly stand for this proposition, application of such a principle, at least in these limited circumstances, is warranted. While it is clear that plaintiff has neglected his responsibility to keep the district court apprised of his current address, *Carey v. King,* 856 F.2d 1439, 1441 (9th Cir.1988), as well as his duty to keep himself apprised of the state of his action, his status as a *pro se* prisoner gives the court broad discretion to overlook these breaches.

Justice Holmes cautioned that "[g]eneral propositions do not decide concrete cases. The decision will depend on a judgment or intuition more subtle than any articulate major premise." *Lochner v. New York,* 198 U.S. 45, 76, 25 S.Ct. 539, 547 (1905). Here, the court's judgment is that plaintiff's neglect is excusable and the matter should be returned to the court's active docket and set down for trial.

After a thorough review of the submission by plaintiff and after review of a letter in response submitted by defendants, it is hereby

ORDERED, that plaintiff's Motion to vacate the judgment of dismissal is GRANTED.

**IT IS SO ORDERED.**