Irving A. ROEDER, Plaintiff,

v.

GENERAL SIGNAL CORPORATION
and Lightnin, Defendants.

No. 95–CV–6027L.

United States District Court,
W.D. New York.

Sept. 20, 1995.

Lonny H. Dolin, Dolin & Modica, P.C., Rochester, NY, for plaintiff.

David Ford, Nixon, Hargrave, Devans & Doyle, L.L.P., Rochester, NY, for defendants.

## DECISION AND ORDER

LARIMER, District Judge.

### BACKGROUND

Plaintiff, Irving A. Roeder ("Roeder"), filed a complaint on January 13, 1995, alleging that defendants, General Signal Corporation and Lightnin, illegally terminated him because of his age in violation of the Age Discrimination in Employment Act (29 U.S.C. §§ 621 *et seq.*) and the New York Human Rights Law (Executive Law §§ 290 *et seq.*). In the fourth cause of action, Roeder pleads a claim under the Employee Retirement Income Security Act ("ERISA"), alleging that defendants discriminated and retaliated against him, in violation of 29 U.S.C. § 1140[1], because he exercised his

---

1. 29 U.S.C. § 1140 provides in part:

It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan, this title, section 3001 [29 U.S.C. § 1201], ... or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan, this title ...

rights under ERISA by requesting certain pension information.

Defendants now move to dismiss the ERISA cause of action under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. Defendants' motion to dismiss is denied.

## FACTS

The facts as viewed in the light most favorable to Roeder, the non-moving party, are as follows. Roeder began working for Lightnin on December 1, 1978. Prior to his retirement on July 31, 1993, Roeder was Vice-President of North American Operations and was in charge of three divisions in the United States and Canada. In April 1993, Roeder was assigned to take responsibility for a multi-million dollar capital investment project called Zebra, which was to take approximately three years to complete.

At the end of April 1993, Roeder asked to see his projected pension figures were he to retire in three, four or five years. According to Roeder, the president of Lightnin thereafter forced him to retire because he concluded that Roeder's request for the pension information indicated that Roeder would retire before the Zebra project was concluded.

## DISCUSSION

### A. Standard for Motion to Dismiss

■ In order for the court to dismiss a complaint under Rule 12, it must appear beyond doubt that plaintiff could prove no set of facts entitling him to relief. See *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Hartford Fire Insurance Co. v. Federated Department Stores, Inc.*, 723 F.Supp. 976, 981 (S.D.N.Y.1989). The Supreme Court has articulated the court's role on a Rule 12 motion:

> When a federal court reviews the sufficiency of a complaint, before the reception of any evidence ... its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support its claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not

the test. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

■ When considering a motion to dismiss, all inferences must be construed in favor of the plaintiff. *LaBounty v. Adler*, 933 F.2d 121, 123 (2d Cir.1991). Thus, the Court " 'view[s] the pleadings in the light most favorable to, and draw[s] all reasonable inferences in favor of, the nonmoving party.' " *Davidson v. Flynn*, 32 F.3d 27, 29 (2d Cir.1994) (quoting *Madonna v. United States*, 878 F.2d 62, 65 (2d Cir.1989)); see *Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 1081–82, 31 L.Ed.2d 263 (1972).

■ Dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984); *Conley v. Gibson*, 355 U.S. at 45–46, 78 S.Ct. at 101–02.

In view of these well established principles, I believe that defendants have failed to demonstrate that plaintiff could prove no set of facts to support his ERISA claims.

### B. "Specific Intent" Requirement

■ Defendants allege that Roeder fails to state a cause of action because his complaint merely alleges that defendants took his request for pension calculations into "consideration" when it terminated him, as opposed to alleging that he was terminated with the specific intent to interfere with protected rights under ERISA. Roeder alleges that he was not required to plead specific intent to establish a prima facie case of discrimination under ERISA and, in any event, he did sufficiently plead specific intent. Both Roeder and defendants rely on *Dister v. Continental Group, Inc.*, 859 F.2d 1108 (2d Cir.1988) as support for their contentions. *Dister* involved an executive who was terminated approximately four months prior to the date on which he would have been eligible for enhanced pension benefits. The plaintiff sued under ERISA. The court, in analyzing the ERISA claim, applied the three part *McDon-*

*nell Douglas* [2] framework utilized in Title VII actions. Finding that the employer articulated a legitimate, nondiscriminatory reason for the termination, which the plaintiff failed to demonstrate was a mere pretext for discrimination, the court affirmed the district court's grant of summary judgment for the defendant.

Defendants in the present case focus on language in the *Dister* decision indicating that "an essential element of plaintiff's proof under the statute is to show that an employer was at least in part motivated by the specific intent to engage in activity prohibited by § 510 [29 U.S.C. § 1140]." *Dister, supra*, at 1111. Defendants assert that Roeder's allegation that defendants "took into consideration" Roeder's request for pension benefits when firing him is insufficient to meet the specific intent requirement. I disagree. Defendants mischaracterize the contents of Roeder's complaint. What Roeder does allege as part of his ERISA claim, is that "[t]he determinant element in the termination of plaintiff's employment was defendant's unlawful consideration of Roeder's exercise of his federally protected right to inspect employee benefit plan documents ..." Roeder complaint ¶ 50.

I find that this language is sufficient to support a cause of action under ERISA, at least at this stage of the proceedings. The cases cited by defendants in support of this argument are distinguishable. None of the cases cited by defendants dismissed ERISA claims for failure to sufficiently plead specific intent, and none of them were decided on a motion to dismiss. See *Dister*, 859 F.2d 1108 (dismissing case on summary judgment motion after extensive discovery); *Phelps v. Field Real Estate Co.*, 991 F.2d 645 (10th Cir.1993) (affirming district court's finding, after a bench trial, that plaintiff failed to prove the requisite intent under 29 U.S.C. § 1140); *McGann v. H & H Music Co.*, 946

F.2d 401 (5th Cir.1991) (dismissing action on motion for summary judgment and stating that at trial, plaintiff would have borne burden of proving existence of defendant's specific discriminatory intent as an essential element of an ERISA claim); and *Conkwright v. Westinghouse Elec. Corp.*, 933 F.2d 231 (4th Cir.1991) (dismissing action on motion for summary judgment after discovery).

The present case, on the other hand, is in the early stages of litigation and Roeder should be given the opportunity to engage in discovery to explore the issue of defendants' intent.

C. **Information Required to be Furnished Pursuant to 29 U.S.C. § 1025(a)**

Section 1025(a) provides:

Each administrator of an employee pension benefit plan shall furnish to any plan participant or beneficiary who so requests in writing, a statement indicating, on the basis of the latest available information— (1) the total benefits accrued, and (2) the *nonforfeitable* pension benefits, if any, which have accrued, or the earliest date on which benefits will become nonforfeitable.

■ Defendants move to dismiss Roeder's complaint on the ground that 29 U.S.C. § 1025(a) does not require an employer to furnish the type of pension information that Roeder requested.

Defendants claim that the information requested by Roeder, pertaining to *future* benefits, does not fall within the scope of § 1025(a). Thus, according to defendants, because ERISA provides no right to request this "future" benefit information, such a request is not protected under 29 U.S.C. § 1140, and Roeder is not protected if the employer retaliates on account of such a request.

---

**2.** In *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05, 93 S.Ct. 1817, 1824–26, 36 L.Ed.2d 668 (1973), the Supreme Court formulated a three step analytical framework for Title VII cases. The plaintiff has the initial burden of proving by the preponderance of the evidence a prima facie case of discrimination. If the plaintiff establishes a prima facie case, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the employment action taken. Finally, if the defendant carries its burden, the plaintiff must prove by a preponderance of the evidence that the reasons offered by the defendant were a pretext for discrimination. See also *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 252–53, 101 S.Ct. 1089, 1093–94, 67 L.Ed.2d 207 (1981).

Roeder, on the other hand, contends that the pension information that he requested is protected under § 1025(a). Roeder relies primarily on *Maiuro v. Federal Express Corp.,* 843 F.Supp. 935, aff'd without op., 43 F.3d 1461 (3d Cir.1994). In that case, the court examined in some detail the scope of the information that a pension plan administrator must disclose to a plan participant. In *Maiuro,* a retired employee who had participated in several different pension plans during his employment, requested information regarding the calculation of his monthly benefit payment, including the total amounts that were credited to him under the several pension plans, and how those figures were calculated. *Maiuro* held that the employee was entitled to the requested information.

Although the type of information requested by the plaintiff in *Maiuro* was somewhat different from the information requested by Roeder, the court's reasoning and other authority relating to the purposes behind § 1025, support Roeder's argument here.

The *Maiuro* court determined that material requested by a plan participant or beneficiary must be provided if it:

1.) Is of such a character that would directly assist the requesting party in determining what his or her rights are under the pension plan; or

2.) Will directly assist the requesting party in determining where he or she stands (eligibility) with respect to the plan; or

3.) Will directly assist the requesting party in determining the extent of his or her interest (monetary) in the plan. *Id.* at 942.

This formulation was adopted in light of the stated objectives for ERISA. "ERISA was enacted 'to promote the interests of employees and their beneficiaries in employee benefit plans,' *Shaw v. Delta Airlines [Air Lines], Inc.,* 463 U.S. 85, 90, 103 S.Ct. 2890, 2896, 77 L.Ed.2d 490 (1983), and 'to protect contractually defined benefits,' *Massachusetts Mutual Life Ins. Co. v. Russell,* 473 U.S. [134], at 148, 105 S.Ct. [3085], at 3093 [87 L.Ed.2d 96 (1985) ]." *Maiuro, supra,* at 941. "ERISA's legislative history makes clear that Congress intended the information-producing provisions to enable claimants to make their own decisions on how best to enforce their rights." *Maiuro, supra,* at 941. See S.Rep. 93–127, 93d Cong. 1st Sess. at 27. "Congress' purpose in enacting the ERISA disclosure provision was to ensure that the individual participant knows exactly where he stands with respect to the plan." *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 118, 109 S.Ct. 948, 958, 103 L.Ed.2d 80 (1989).

In the present case, Roeder requested information concerning his pension benefits based on several potential retirement dates. Such a request would necessarily include information about his benefits and status which had already accrued on the date of the request. It seems obvious that information about future benefits is routinely requested and is necessary for employees to make intelligent and informed decisions regarding their benefits and their options as they near retirement. For an employee nearing retirement age, information as to what his or her pension benefits would be in any given year that he or she retires would seem to be fundamental and essential information. In light of the purposes for enactment of ERISA, I am not prepared to say that the information requested by Roeder was outside the scope of § 1025 and therefore not protected information for purposes of § 1140. If in Fact Roeder proves that he was discriminated against for seeking this routine information, he has a claim under ERISA.

### *CONCLUSION*

Defendants' motion to dismiss Count IV of the complaint relating to the ERISA claim is hereby denied in its entirety.

IT IS SO ORDERED.