Nancy **MARKES,** Plaintiff,

v.

**ALUMINUM COMPANY OF AMER- ICA; and Aluminum Company of America in its fiduciary capacity as Plan Administrator,** Defendant.

**No. 99–CV–1939 (LEK/GJD).**

United States District Court, N.D. New York.

Sept. 22, 2000.

Thomas J. Snider, Snider, Snider Law Firm, Massena, NY, for Plaintiff.

Terry H. Han, LeBoeuf, Lamb Law Firm, Pittsburgh, PA, for Defendant.

### MEMORANDUM—DECISION AND ORDER

KAHN, District Judge.

Presently before this Court are Defendant's motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6) and Plaintiff's cross motion for summary judgment pursuant to Fed.R.Civ.P. 56(a). For the reasons set forth below, Defendant's motion is

GRANTED and Plaintiff's motion is DENIED.

## I. BACKGROUND

Decedent Carl J. Markes, an employee of defendant Aluminum Company of America ("Alcoa"), died on July 6, 1996. Plaintiff, as his surviving spouse, attempted to claim the benefit of his employer-provided life insurance policy (the "Plan"), issued by the Metropolitan Life Insurance Company ("MetLife") and subject to the Employee Retirement Income Security Act ("ERISA"). MetLife denied Plaintiff's claim, however, because decedent's beneficiary card named Mary Markes, his ex-wife, as the beneficiary. Plaintiff then filed various administrative appeals, which were all denied, before suing MetLife (*see Markes v. Metropolitan Life Ins. Co.*, 98–CV–0391, 1999 WL 55220 (N.D.N.Y Jan. 26, 1999)). That action was settled, with half of the benefits paid to Plaintiff and the other half paid to decedent's ex-wife. In this action, Plaintiff alleges she is entitled to recover $35,000, the full amount originally due under her husband's life insurance policy, on each of the six counts in her complaint, plus interest and legal fees, and $1 million in punitive damages from Alcoa.

## II. DISCUSSION

### A. Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6)

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), for "failure to state a claim upon which relief can be granted," must be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (Black, J.). In assessing the sufficiency of a pleading, "all factual allegations in the complaint must be taken

as true," *LaBounty v. Adler*, 933 F.2d 121, 123 (2d Cir.1991), and all reasonable inferences must be construed in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *see also Bankers Trust Co. v. Rhoades*, 859 F.2d 1096, 1099 (2d Cir.1988) (applying the principle of construing inferences in favor of plaintiff), *cert. denied sub nom. Soifer v. Bankers Trust Co.*, 490 U.S. 1007, 109 S.Ct. 1642, 104 L.Ed.2d 158 (1989).

> [C]onsideration is limited to the factual allegations in [the] complaint, which are accepted as true, to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit.

*Brass v. American Film Technologies, Inc.*, 987 F.2d 142, 150 (2d Cir.1993).

The Rules do not require the plaintiff to set out in detail the facts upon which the claim is based, but only that the defendant be given "fair notice of what the ... claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 45–46, 78 S.Ct. 99. Individual allegations, however, that are so baldly conclusory that they fail to give notice of the basic events and circumstances of which the plaintiff complains are meaningless as a practical matter and, as a matter of law, insufficient to state a claim. *See Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir.1987) (applying this standard to a complaint relying on civil rights statutes).

#### 1. Plaintiff's Breach of Fiduciary Duty Claims

Alcoa has moved this Court to dismiss Plaintiff's breach of fiduciary duty claims under ERISA because the decision to deny the Plaintiff recovery under the Plan was not arbitrary and capricious. Of the six counts listed in the Plaintiff's complaint, Counts 1,[1] 3, 4, 5, and 6 allege, in multiple

---

**1.** Defendant characterizes this claim as a breach of contract claim. For reasons discussed below, this Court disagrees with this

characterization and concludes that Plaintiff is alleging that the Defendant breached

forms, that the Defendant violated its ERISA imposed fiduciary duties to the Plaintiff when it denied the Plaintiff recovery under the Plan.

For example, Plaintiff argues, in Count 1, that 29 U.S.C. § 1104(a)(1)(D) required the Defendant to discharge its fiduciary duties, as ERISA requires, "in accordance with the documents and instruments governing the plan." 29 U.S.C. § 1104(a)(1)(D). According to the Plaintiff, the Plan's express language stating that, "[i]f you are married, your spouse will be considered your beneficiary automatically", required the Plan Administrators to determine that she and not Mary Markes was the sole beneficiary. When the Defendant refused to interpret the Plan in this manner, Plaintiff alleges it breached the underlying Policy and consequently the ERISA imposed fiduciary duty to interpret the Plan in accordance with its documents.

■ Plaintiff's argument requires this Court to closely examine the express terms of the Plan. *See, O'Shea v. First Manhattan Co. Thrift Plan & Trust,* 55 F.3d 109 (2d Cir.1995). If it appears that the trustee interpreted the plan in a manner inconsistent with its plain words, this Court is bound to find the trustee's actions arbitrary and capricious and overturn the Administrator's decision to deny the Plaintiff recovery under the Plan. *See Miles v. New York State Teamsters Conference Pension & Retirement Fund Employee Pension Benefit Plan,* 698 F.2d 593, 599 (2d Cir.1983). However, this limited standard of review does not mean that the trial court should conduct a de novo hearing on a rejected applicant's eligibility for benefits, or disregard a Plan Administrator's reasonable interpretation of the Plan's provisions. *Id.*

In the instant case, the Plaintiff failed to cite the beneficiary clause in its entirety. The full clause declares that a beneficiary under the plan is, "[t]he person or persons, organizations, or legal entity you name to receive any payment due from the plan in the event of your death. If you are married, your spouse will be considered your beneficiary automatically." In the instant case, the decedent had explicitly named Mary Markes and not the Plaintiff as his beneficiary.

■ This Court holds that because of the underlying contradiction in the Plan's terms as to whether the Plaintiff or Mary Markes was the proper beneficiary and Plaintiff's earlier recovery, the Plan Administrators' interpretation of the Plan to conclude that Mary Markes was the proper beneficiary was not arbitrary or capricious and was, in fact, reasonably consistent with the Plan's terms. Accordingly, the Defendant did not violate its ERISA imposed fiduciary duties to the Plaintiff and Count 1 is dismissed. Moreover, because this Court has determined that the Plan Administrators did not act arbitrarily or capriciously when it denied the Plaintiff recovery under the Plan, it hereby dismisses Counts 3, 4, 5, and 6.[2]

### 2. Plaintiff's Breach of ERISA Statutory Duty Claim

Alcoa has also moved to dismiss Plaintiff's violation of statutory duties claim (Count 2) arguing that it is state law and thereby preempted by ERISA. Plaintiff's memorandum in opposition merely responds by stating, "Alcoa has federal statutory duties imposed by ERISA" to provide benefits to her. She cites no legal authority for her assertion and this Court can find no statutory authority to support her assertion. Moreover, as the Court has

---

ERISA imposed fiduciary duties it owed to her.

**2.** These counts essentially reiterate the claims alleged in Count 1. This Court does not decide whether these other claims are state law claims and thereby preempted. It does how-

ever note with regard to Count 6, that punitive damages are not available as a remedy under ERISA. *See Massachusetts Mutual Life Ins. Co. v. Russell,* 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985).

already held, the Plan Administrators fulfilled their statutory duties owed to the Plaintiff by not engaging in an arbitrary and capricious denial of her claim to benefits. Accordingly, Count 2 is dismissed.

## B. Plaintiff's Cross–Motion for Summary Judgment

Because this Court has concluded that Plaintiff's complaint must be dismissed in its entirety, it hereby holds that Plaintiff's motion for summary judgment is denied.

### III. Conclusion

Accordingly, it is hereby

ORDERED that Plaintiff's motion for summary judgment is DENIED; and it is further

ORDERED that Defendant's motion to dismiss is GRANTED and that the case be DISMISSED in its entirety; and it is further

ORDERED that the Clerk serve a copy of this order on all parties by regular mail.

IT IS SO ORDERED.