**Timothy DEGONZAGUE, Plaintiff,**

v.

**WEISS, NEUREN & NEUREN,
Defendant.**

**No. 99–CV–2009.**

United States District Court,
N.D. New York.

March 31, 2000.

Andrew F. Capoccia Law Center, L.L.C., Albany, New York (Andrew F. Capoccia, of counsel), for plaintiff.

Weiss, Neuren & Neuren, New City, NY (Matthew J. Neuren, of counsel), defendant.

## MEMORANDUM–DECISION AND ORDER

HURD, District Judge.

## I. *INTRODUCTION*

Plaintiff, Timothy Degonzague ("Degonzague" or "plaintiff"), commenced the instant action, alleging the defendant, Weiss, Neuren & Neuren ("Weiss" or "defendant"), violated the Fair Debt Collections Practices Act, 15 U.S.C. §§ 1692–1692*o* ("FDCPA"). Plaintiff now moves for summary judgment, pursuant to Fed.R.Civ. 56. Defendant opposes and has cross-moved to dismiss the complaint for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6). However, since matters outside the pleadings have been submitted by both parties and considered, defendant's motion will also be treated as one for summary judgment. *See* Fed.R.Civ.P. 12(b). In addition, the defendant has moved for sanctions pursuant to Fed.R.Civ.P. 11. The motions were submitted for decision without oral argument.

## II. *FACTS*

The complaint alleges that on or about February 15, 1999, Degonzague entered into a contract with Andrew Capoccia Law Centers, L.L.C. ("Capoccia") whereby Capoccia agreed to represent Degonzague with respect to various creditor actions, claims, and proceedings.[1] Defendant law firm represents People's Bank, one of Degonzague's creditors to which he owed an outstanding debt.

Plaintiff sent a letter to People's Bank advising that he had retained an attorney, and instructed People's Bank to close his account, direct all further communication to Capoccia, and make no further contact with Degonzague directly.[2] People's Bank referred plaintiff's account to Weiss for collection. Thereafter, on September 22, 1999, Weiss sent a letter to plaintiff at his home address advising of the referral and further stating that plaintiff had thirty days to notify Weiss that some or all of the debt was disputed. The letter further indicated that, absent such notification, it would proceed with court action, thereby subjecting Degonzague to further responsibility for interest, court costs, and disbursements.

In response to defendant's letter, plaintiff commenced this action, contending that the defendant violated the FDCPA by: (1) contacting plaintiff directly "after defendant knew or could have reasonably ascertained that plaintiff was represented by the Andrew F. Capoccia Law Centers, L.L.C. regarding the alleged debt," (Compl.¶ 16); (2) threatening to take action that cannot legally be taken; (3) failing to disclose in the September 1999 letter that the communication was from a debt collector for purposes of collecting a debt; and (4) attempting to collect interest, costs, disbursements.

## III. *DISCUSSION*

### A. *Summary Judgment Standard*

Summary judgment must be granted when the pleadings, depositions, answers to interrogatories, admissions, and affidavits show that there is no genuine issue as to any material fact, and that the moving party is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Lang v. Retirement Living Pub. Co.*, 949 F.2d 576, 580 (2d Cir.1991). The

---

1. The date when plaintiff actually retained Capoccia's services is not clear. The complaint alleges the relevant date is February 15, 1999. However, plaintiff's memorandum of law states that Capoccia was retained by the plaintiff on April 16, 1999. Further, defendant's affirmation in opposition states that plaintiff retained Capoccia on January 15, 1999. Plaintiff has not submitted a copy of the contract to clarify this matter.

2. Capoccia claims this letter was sent on or about March 1, 1999, (Capoccia Aff. ¶ 5), however the letter itself is dated April 2, 1999. *See id.* Ex.A.

moving party carries the initial burden of demonstrating an absence of a genuine issue of material fact. Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Thompson v. Gjivoje*, 896 F.2d 716, 720 (2d Cir.1990). Facts, inferences therefrom, and ambiguities must be viewed in a light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Project Release v. Prevost*, 722 F.2d 960, 968 (2d Cir.1983).

When the moving party has met the burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586, 106 S.Ct. 1348. At that point, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56; *Liberty Lobby Inc.*, 477 U.S. at 250, 106 S.Ct. 2505; *Matsushita Elec. Indus. Co.*, 475 U.S. at 587, 106 S.Ct. 1348. To withstand a summary judgment motion, evidence must exist upon which a reasonable jury could return a verdict for the nonmovant. *Liberty Lobby, Inc.*, 477 U.S. at 248-249, 106 S.Ct. 2505; *Matsushita Elec. Indus. Co.*, 475 U.S. at 587, 106 S.Ct. 1348. Thus, summary judgment is proper where there is "little or no evidence … in support of the non-moving party's case." *Gallo v. Prudential Residential Servs.*, 22 F.3d 1219, 1223-1224 (2d Cir.1994) (citations omitted).

### B. *Communication with plaintiff*

█ Degonzague's first and second causes of action allege that Weiss violated

**3.** Section 1692c(a)(2) provides that

> Without the prior consent of the consumer given directly to the debt collector … a debt collector may not communicate with a consumer in connection with the collection of any debt if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address….
> Section 1692c(c) provides

§ 1692c(a)(2) and 1692c(c), respectively, by contacting him via mail when Weiss knew or reasonably should have known that he was represented by an attorney and had instructed the defendant not to contact him any further.[3] However, the plaintiff has not provided any facts or evidence to suggest that Weiss was ever notified that he was represented by counsel before the September 22, 1999 collection letter was sent. The plaintiff never notified the defendant and the complaint clearly states that plaintiff's letter was sent to the original creditor, not the defendant. In addition, Degonzague has presented no evidence that the creditor advised defendant that he was represented by counsel. A creditor's knowledge that a consumer is represented by an attorney cannot be automatically imputed to the debt collector. *See Filsinger v. Upton, Cohen & Slamowitz*, No. 99–CV–1393, 2000 WL 198223, at *2 (N.D.N.Y. Feb.18, 2000) (quoting *Hubbard v. National Bond & Collection Assocs., Inc.*, 126 B.R. 422, 427 (D.Del.), *aff'd*, 947 F.2d 935 (3d Cir.1991)); *Countryman v. Solomon & Solomon*, No. 99–CV–1548, 2000 WL 156837, at *2 (N.D.N.Y. Feb.8, 2000). Consequently, plaintiff's first and second causes of action must be dismissed.

### C. *False or misleading representations*

In his third and fifth causes of action, Degonzague alleges that Weiss violated §§ 1692e(5) and 1692f(1), respectively, by threatening him that if he did not pay the outstanding debt immediately, he would incur additional charges of interest, court costs, and disbursements.[4]

> If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt.

**4.** Section 1692e(5) provides

> A debt collector may not use any false, deceptive, or misleading representation or

In order to establish a violation of § 1692e(5), plaintiff must show that a lawsuit could not properly be brought or that the defendant did not actually intend to bring a lawsuit. *See Sluys v. Hand,* 831 F.Supp. 321, 327 (S.D.N.Y.1993); *Wiener v. Bloomfield,* 901 F.Supp. 771, 776 (S.D.N.Y.1995). In addition to the fact that plaintiff's allegations are conclusory with respect to this claim, Degonzague has also failed to come forth with any evidence that either of the aforementioned criteria are present in this case. In fact, the defendant contends that it has commenced court action against plaintiff with respect to the debt at issue, which is currently pending.

With respect to Degonzague's contention that defendant's threat to seek interest, court costs, and disbursements violates § 1692f(1), this assertion is wholly conclusory and plaintiff has presented no facts to demonstrate that Weiss was precluded from seeking such charges. Therefore, plaintiff's third and fifth causes of action must be dismissed.

### D. *Failure to disclose attempt to collect a debt*

Plaintiff's fourth cause of action alleges that the defendant violated § 1692e(11) because its September 22, 1999 letter failed to disclose that the communication was from a debt collector and was sent for the purpose of collecting a debt.[5] However, plaintiff's claim is meritless. Defendant's letter clearly states: "The above-captioned matter has been referred to this office for immediate attention by People's Bank *in an attempt to collect a debt.* Any information obtained

will be used for that purpose." (Capoccia Aff.Ex. B) (emphasis added). Therefore, plaintiff's fourth cause of action must be dismissed.

### IV. *CONCLUSION*

Accordingly, it is

ORDERED, that

1. Plaintiff's motion for summary judgment is DENIED;

2. Defendant's cross-motion to dismiss is GRANTED; and

3. Defendant's cross-motion for sanctions is DENIED.

The Clerk is directed to enter judgment dismissing the complaint in its entirety.

IT IS SO ORDERED.

---

means in connection with the collection of any debt [including] threat[ening] to take any action that cannot be legally be taken or that is not intended to be taken.
Section 1692f(1) states
A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: The collection of any amount (including any

interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

5. Section 1692e(11) requires that every initial communication from a debt collector disclose that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.