David BURGER, Plaintiff,

v.

RISK MANAGEMENT ALTERNATIVES, INC. and Mr. Watson, Defendants.

No. 99–CV–1701NAMDRH.

United States District Court, N.D. New York.

May 3, 2000.

Andrew F. Capoccia Law Center, LLC, Albany, New York, for plaintiff, Andrew F. Capoccia, of counsel.

McNamee, Lochner, Titus & Williams, P.C., Albany, New York, for defendants, Kenneth L. Gellhaus, of counsel.

## MEMORANDUM—DECISION AND ORDER

MORDUE, District Judge.

### Introduction

Plaintiff commenced the present suit on October 12, 1999, seeking damages as a result of defendants' alleged violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Specifically, plaintiff alleges that defendants violated § 1692c(a)(2) of the FDCPA. Section 1692c(a)(2) prohibits a debt collector from contacting a debtor if the debt collector has knowledge that the debtor is represented by counsel with respect to that debt.

### Facts

Defendant, Risk Management Alternatives, Inc., ("Risk Management" or "defendant") is a debt collection agency which provides debt collection services for its client, Sears. Defendant Watson, apparently, is a fictitious name used by agents employed by Risk Management.

By letter dated May 22, 1998, plaintiff notified Sears that the Law Office of Andrew F. Capoccia, LLC, had been retained to represent plaintiff with respect to an account plaintiff maintained with Sears. The letter instructed Sears to close plaintiff's account, direct all communications regarding same to the Capoccia Firm and refrain from directly contacting plaintiff regarding his account.

Plaintiff alleges that, as agent for Sears, defendants sent a September 10, 1999, letter to plaintiff requesting that he accept a settlement offer on the alleged debt. Plaintiff alleges that defendants had knowledge that plaintiff was represented by the Capoccia Firm at the time of this communication and, therefore, that the September 10, 1999, letter was an impermissible communication pursuant to § 1692c(a)(2) of the FDCPA.

Presently before the Court is defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

### Motion to Dismiss

Rule 8(a) of the Federal Rules of Civil Procedure sets forth the requirements for pleading a claim for relief as follows:

A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. . . .

A dismissal under Rule 12(b)(6) is a dismissal on the merits of the action, a determination that the facts alleged in the complaint fail to state a claim upon which relief may be granted. *See Teltronics Services, Inc. v. LM Ericsson Telecommunications, Inc.,* 642 F.2d 31, 34 (2d Cir.1981). In deciding a 12(b)(6) motion, the court

must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in a light most favorable to the nonmoving party." *Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3rd Cir.1989). The court may not consider matters outside the pleadings and may not weigh evidence that might be presented at trial. The sole inquiry is whether the complaint is legally sufficient. *See LaBounty v. Adler*, 933 F.2d 121, 123 (2d Cir.1991). Dismissal of a claim is not proper unless it is obvious that the plaintiff is unable to prove any set of facts supporting his claim which will enable him to prevail. *See Gagliardi v. Village of Pawling*, 18 F.3d 188, 191 (2d Cir.1994) (quoting *Allen v. WestPoint–Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir.1991)); *Robb v. City of Philadelphia*, 733 F.2d 286, 290 (3rd Cir.1984). A complaint may be dismissed, however, when the facts pleaded and the reasonable inferences therefrom are legally insufficient to support the relief sought. *See Commonwealth of Pennsylvania, ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 179 (3rd Cir.1988). The function of a motion to dismiss is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof. *See Countryman v. Solomon & Solomon*, 2000 WL 156837 (N.D.N.Y. Feb.8, 2000) (Munson, S.J.); *Filsinger v. Upton, Cohen & Slamowitz*, 2000 WL 198223 (N.D.N.Y. Feb.18, 2000) (Munson, S.J.) (citing *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir.1984)).

### *1692c(a)(2)*

Section 1692c(a)(2) of the FDCPA provides:

(a) Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt ... (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer. . . .

After articulating the factual allegations as established above, plaintiff's complaint alleges that "[d]efendants violated Section 805(a)(2) of the fair Debt Collection Practices Act (15 U.S.C. § 1692c(a)(2)) by communicating with the plaintiff, despite knowledge that Plaintiff was represented by counsel."

 Courts have construed the "knowledge" requirement of 1692c(a)(2) to mean that a debt collector need possess "actual knowledge that [the plaintiff/debtor] was represented by an attorney." *Countryman*, 2000 WL 156837, at *2; *Filsinger*, 2000 WL 198223, at * 2; *See also* 15 U.S.C. § 1692c(a)(2) ("if the debt collector knows"). Furthermore, a "creditor's knowledge that the consumer has an attorney is not automatically imputed to the debt collector." *Hubbard v. National Bond and Collection Associates, Inc.*, 126 B.R. 422 (D.Del.1991), *aff'd.*, 947 F.2d 935 (3rd Cir.1991). Defendants argue that the complaint should be dismissed based on the foregoing law since plaintiff's pleading does not explicitly establish that defendants possessed "actual" knowledge.

██ Although it is clear that a plaintiff must establish actual knowledge to *prevail* on a 1692c(a)(2) claim, there is no authority to suggest that a plaintiff must *plead* actual knowledge to survive a motion to dismiss. To the contrary, the liberal system of "notice pleading" established by the Federal Rules of Civil Procedure militates against this conclusion. As stated above, Rule 8(a)(2) requires that a complaint include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's complaint alleges that defendants had "knowledge" that he

294

was represented by counsel. Plaintiff's failure to articulate whether he meant actual or constructive knowledge is not fatal for purposes of this 12(b)(6) motion. It certainly cannot be said, based on the pleading, that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief. Defendants' argument is one more appropriately brought pursuant to Rule 56 in the event that discovery establishes that actual knowledge is absent and plaintiff cannot make out a *prima facie* case. However, this is not a summary judgment motion and those are not presently the facts. Based on the foregoing, the Court concludes that plaintiff's complaint satisfies basic pleading requirements and denies defendants' motion to dismiss.

### CONCLUSION

Accordingly, it is hereby

**ORDERED** that defendants' motion to dismiss plaintiff's complaint pursuant to Fed.R. of Civ.P. 12(b)(6) is **DENIED.**

**IT IS SO ORDERED**