**Claire POWERS, Plaintiff,**

v.

**PROFESSIONAL CREDIT SERVICES, INC., Defendant.**

**No. 99–CV–2105(LEK/DRH).**

United States District Court,
N.D. New York.

Aug. 1, 2000.

Andrew F. Capoccia, Office of Andrew F. Capoccia, Albany, NY, for plaintiff.

Thomas B. Grunfeld, Forster, Garbus Law Firm, Farmingdale, NY, for defendant.

## DECISION AND ORDER

KAHN, District Judge.

Plaintiff alleges that the Defendant violated the Fair Debt Collection Practice Act, ("FDCPA") 15 U.S.C. § 1692, which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

Presently before this Court is Defendant's motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(6), and for fees, costs and sanctions pursuant to § 1692(k) of the FDCPA. For the reasons set forth below, Defendant's motion is denied.

## I. *BACKGROUND*

By letter, on or about July 3, 1998, the Law Office of Andrew F. Capoccia, LLC notified Defendant's client, World Financial Network Bank/Lane Bryant, Inc., that it had been retained to represent Plaintiff with respect to an account Plaintiff maintained with World Financial Network Bank/Lane Bryant, Inc. The letter instructed the bank to close the referenced account, direct all further communication to the Capoccia Firm, and refrain from directly contacting Plaintiff either at her home or place of business. On January 28, 1999, Plaintiff's account was settled with World Financial Network Bank/Lane Bryant, Inc. by the Capoccia Firm in full for $324.65.

As the collection agent for World Financial Network Bank/Lane Bryant, Inc., Defendant sent a letter dated September 9,

1999, to Plaintiff stating that they were attempting to collect the difference between the original balance on the settled account and the agreed upon settlement amount. Plaintiff then commenced the present action alleging violations of the FDCPA. Specifically, Plaintiff alleges three causes of action pursuant to §§ 1692c(a)(2), 1692e, and 1692c(C) of the FDCPA.

## II. *DISCUSSION*

■■■ A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) must be denied "unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief." *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In assessing the sufficiency of a pleading, "all factual allegations in the complaint must be taken as true," *LaBounty v. Adler,* 933 F.2d 121, 123 (2d Cir.1991), and all reasonable inferences must be construed in favor of the Plaintiff. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Bankers Trust Co. v. Rhoades,* 859 F.2d 1096, 1099 (2d Cir. 1988), *cert. denied sub nom., Soifer v. Bankers Trust Co.,* 490 U.S. 1007, 109 S.Ct. 1642, 104 L.Ed.2d 158 (1989).

> [C]onsideration is limited to the factual allegations in [the] complaint, to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in Plaintiffs' possession or of which Plaintiffs had knowledge and relied on in bringing suit.

*See Brass v. American Film Technologies, Inc.,* 987 F.2d 142, 150 (2d Cir.1993).

■■■ The Rules do not require the Plaintiff to set out in detail the facts upon which the claim is based, but only that a defendant be given "fair notice of what the claim is and the grounds upon which it rests." *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Individual allegations, however, that are so baldly conclusory that they fail to give notice of the basic events and circumstances of which the Plaintiff complains are meaningless as a practical matter and, as a matter of law, insufficient to state a claim. *See Barr v. Abrams,* 810 F.2d 358, 363 (2d Cir.1987).

## A. FDCPA

### 1. First Cause of Action

Plaintiff's first cause of action relies upon § 1692c(a)(2)'s requirement that the debt collector may not communicate with a consumer in connection with the collection of any debt if the debt collector knows the consumer is represented by an attorney with respect to such debt.

■■■ Defendant alleges that its client never notified it that the Plaintiff had retained counsel and that Defendant was consequently banned from direct communication with the Plaintiff regarding their debt. But, to allow a creditor to hire a debt collector after receiving actual knowledge that the consumer has retained legal representation for that debt and then withhold knowledge of this representation from the debt collector would blatantly circumvent the intent of the FDCPA.

The Defendant mistakenly relies on *Hubbard v. National Bond and Collection Associates,* 126 B.R. 422 (D.Del.1991), for the proposition that a client's actual knowledge of legal representation cannot be imputed to the debt collector. This case is easily distinguishable from the present case. In *Hubbard,* the debtor filed for bankruptcy, and the debt collector mailed a collection letter without knowledge of the bankruptcy. The debtor's attorney in *Hubbard* never notified the creditor or its debt collector of the fact that debtor had retained counsel. In fact, the counsel for the bankruptcy proceeding was not representing the consumer for the debt. Since the creditor had no knowledge that the consumer had an attorney for the debt, there was no knowledge to impute to the

debt collector. Far from precluding any imputation of knowledge, the FTC Commentary, merely states that "the creditor's knowledge that the consumer has an attorney is not *automatically* imputed to the debt collector."

The existing case law is instructive. In *Hubbard,* the debtor failed to establish that his attorney, who had filed debtor's bankruptcy petition, was retained by debtor with respect with the specified debt of the consumer prior to the debt collector's communications to the debtor. Likewise, in both *Filsinger v. Upton, Cohen, & Slamowitz,* 2000 WL 198223 (N.D.N.Y.2000), and *Countryman v. Solomon and Solomon,* 2000 WL 156837 (N.D.N.Y.2000), the debtor's letter notifying the creditor that it had retained counsel was sent *after* the creditor had referred the consumer's account to its debt collector for collection: there was no knowledge to impute to the defendants in those cases.

■ In the case *sub judice,* Plaintiff notified the Defendant's client that she had retained legal counsel with respect to the debt in issue. The creditor-client then retained defendant-debt collector forwarding the entire file with the striking exception of the Plaintiff's letter disclosing retention of counsel. The creditor thus had actual notice of Plaintiff's legal representation but failed to disclose that fact to its debt collector. Permitting creditors to engage in such a limited disclosure would utterly eviscerate the protections afforded debtors by the FDCPA.

■ Contrary to Defendant's assertion, the statute does not require that the debt collector have "actual knowledge" of plaintiff's legal representation. Knowledge can be imputed to the debt collector when the creditor has such knowledge and fails to convey it to its agent, the debt collector, at the time it seeks collection. Moreover, when accepting the file, the debt collector can readily ascertain the attorney's name and address from the creditor.

■ The statute itself specifically states that "if the debt collectors knows that the consumer is represented by an attorney with respect to such debt and has knowledge, or can readily ascertain, such attorney's name and address", 15 U.S.C. § 1692(a)(2), then the debt collector cannot communicate with the consumer. A creditor has a duty when turning over a file to his debt collector to convey all of the material facts regarding the claim. The law mandates that the debtor not be contacted when he has legal counsel. A creditor who has actual knowledge of such fact cannot retain a debt collector and withhold such information to contravene the FDCPA's intent.

Plaintiff has therefore established that there is a claim under 1692c(a)(2) for which relief could be granted, and the Court must deny Defendant's motion to dismiss.

## B. Attorney's Fees and Sanctions

Defendant argues that it should be granted fees, costs and sanctions pursuant to § 1692(k) of the FDCPA because Plaintiff's lawsuit was brought in bad faith and instituted only to harass it. Because there is no evidence to support this allegation, the Court denies Defendant's request for same.

### III. *CONCLUSION*

Accordingly, it is hereby

ORDERED that Defendant's motion to dismiss is DENIED; and it is

FURTHER ORDERED that Defendant's request for costs, fees, and sanctions is DENIED; and it is

FURTHER ORDERED that the Clerk of the Court serve a copy of this order on all parties by regular mail.

IT IS SO ORDERED.