Joseph R. MICARE, Plaintiff,

v.

FOSTER & GARBUS, Defendant.

No. 00–CV–0092 LEK DRH.

United States District Court,
N.D. New York.

Feb. 21, 2001.

Andrew F. Capoccia, Office of Andrew F. Capoccia, Albany, NY, for Plaintiff.

Thomas B. Grunfeld, Forster, Garbus Law Firm Farmingdale, NY, for Defendant.

### MEMORANDUM–DECISION AND ORDER

KAHN, District Judge.

Presently before the Court is Defendant's motion to dismiss and for fees, costs, and sanctions. For the reasons set forth below, Defendant's motion is granted in part and denied in part.

### I. BACKGROUND

Plaintiff alleges that, on or about February 23, 1999, the Law Office of Andrew F. Capoccia, L.L.C. (now Daly, Cilingiryan, Murphy, Sinnott & Cappocia Law Centers, L.L.C.) notified Defendant's client, First Select Corporation ("FSC"), that it had been retained to represent Plaintiff with respect to Plaintiff's debt with FSC. According to Plaintiff, this notification advised FSC to close the account and to forward all future communications to the Law Office of Andrew F. Capoccia and not to contact Plaintiff directly.

On August 16, 1999, FSC forwarded Plaintiff's file to Defendant via electronic mail for collection purposes. Defendant contends that, despite an established procedure for doing so, the file did not indicate that Plaintiff was represented by an attorney. Defendant subsequently sent a demand letter directly to Plaintiff that same day. Moreover, on October 19, 2000, Defendant received a facsimile from FSC indicating that a settlement with Plaintiff as pending and that, as a result of the pending settlement, Plaintiff was required to make a reduced payment in satisfaction of his debt by November 13, 1999. This communication also did not indicate that Plaintiff was represented by an attorney.

On October 21, 1999, Plaintiff payed off his account with FSC pursuant to a settlement agreement. On December 14, 1999, having failed in efforts to receive confirmation of the results of the settlement effort, Defendant mailed another demand letter to Plaintiff. On December 28, 1999, Defendant received confirmation that FSC was paid in full and closed Plaintiff's file.

Plaintiff commenced the present action on January 14, 2000 alleging violations of the Fair Debt Collection Practice Act ("FDCPA"), 15 U.S.C. § 1692, which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices. Specifically, Plaintiff alleges three causes of action pursuant to §§ 1692c(a)(2), 1692c(c), and 1692e of the FDCPA, respectively.

### II. ANALYSIS

**A. Motion to Dismiss**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), for "failure to state a claim upon which relief can be granted," must be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In assessing the sufficiency of a pleading, "all factual allegations in the complaint must be taken as true," *LaBounty v. Adler,* 933 F.2d 121, 123 (2d Cir.1991), and all reasonable inferences must be construed in favor of the plaintiff, *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *see also Bankers Trust Co. v. Rhoades,* 859 F.2d 1096, 1099 (2d Cir.1988) (applying the principle of construing inferences in favor of plaintiff).

> [C]onsideration is limited to the factual allegations in [the] complaint, which are accepted as true, to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit.

*Brass v. American Film Technologies, Inc.,* 987 F.2d 142, 150 (2d Cir.1993).

■ The Rules do not require the plaintiff to set out in detail the facts upon which the claim is based, but only that a defendant be given "fair notice of what the . . . claim is and the grounds upon which it rests." *Conley,* 355 U.S. at 45–46, 78 S.Ct. 99. Individual allegations, however, that are so baldly conclusory that they fail to give notice of the basic events and circumstances of which the plaintiff complains are meaningless as a practical matter and, as a matter of law, insufficient to state a claim. *See Barr v. Abrams,* 810 F.2d 358, 363 (2d Cir.1987).

### B. 1692c(a)(2)

■ Plaintiff's first claim for relief relies on § 1692c(a)(2), which provides in relevant part:

(a) Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt . . . (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address . . . .

15 U.S.C. § 1692c(a)(2). Courts have construed the "knowledge" component of 1692c(a)(2) to require that a debt collector possess "actual knowledge" that the debtor was represented by an attorney. *See, e.g., Burger v. Risk Mgmt. Alternatives, Inc.,* 94 F.Supp.2d 291, 293 (N.D.N.Y.2000); *Countryman v. Solomon and Solomon,* No. 99–CV–1548, 2000 WL 156837, at *2 (N.D.N.Y. Feb. 8, 2000); *Filsinger v. Upton, Cohen & Slamowitz,* No. 99–CV–1393, 2000 WL 198223, at *2 (N.D.N.Y. Feb. 18, 2000); *Hubbard v. National Bond and Collection Assocs., Inc.,* 126 B.R. 422, 426 (D.Del.1991) (citing cases). Moreover, "a 'creditor's knowledge that the consumer has an attorney is not automatically imputed to the debt collector.'" *Burger,* 94 F.Supp.2d at 293 (quoting *Hubbard,* 126

B.R. at 427) (quoting FTC Statements of General Policy or Interpretation Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed.Reg. 50,097, 50,104 (Dec. 13, 1988) ("FTC Commentary")); *Degonzague v. Weiss, Neuren, & Neuren,* 89 F.Supp.2d 282, 284 (N.D.N.Y.2000).

Notwithstanding this general principle, this Court has recognized that a strict reading of these requirements would allow creditors and debt collectors to maintain practices which would "blatantly circumvent the intent of the FDCPA." *Powers v. Professional Credit Servs., Inc.,* 107 F.Supp.2d 166, 168 (N.D.N.Y.2000). In *Powers,* this Court imputed knowledge to the debt collector when, at the time the debtor's file was transferred, the creditor knew that he was represented by an attorney. *See id.* The Court reasoned that permitting creditors and debt collectors to engage in such limited disclosure as existed in that case "would utterly eviscerate the protections afforded debtors by the FDCPA." *Id.*

■ For example, a debt collector wishing to defeat the purposes of the act could establish a practice of not seeking out information regarding the debtor's representation by counsel. Whenever a creditor discovered that a debtor was represented by counsel, it could transfer the file to a debt collector with such a practice and allow them to contact the debtors directly without fear of liability under the FDCPA. Therefore, under those circumstances, knowledge will be imputed to the debt collector. However, where the debt collector has a procedure in place by which it asks creditors whether the debtor is represented by counsel and the creditor withholds the information, either mistakenly or intentionally, the court cannot fairly impute the creditor's knowledge to the innocent debt collector.

Although the FTC Commentary states that knowledge will not "automatically" be imputed to the debt collector, it does not state that such knowledge cannot be imputed. Thus, imputing knowledge to the

debt collector when it does not inquire whether the debtor is represented by counsel gives full meaning both to the FTC Commentary and to the protections afforded by the FDCPA.

In this case, Defendant claims that it had a long-standing procedure in place for creditors to indicate at the time of the file transfer whether the debtor was represented by counsel. Indeed, it claims that the procedure had been followed on countless other occasions by the creditor in this case, FSC, and with Plaintiff's attorneys in this case, the Law Office of Andrew F. Capoccia. However, Defendant's argument is one more properly brought pursuant to Rule 56 in the event that discovery establishes that there is no material factual dispute as to the procedure established and followed by Defendants.[1]

At this time, the Court holds that Plaintiff's complaint states a claim for which relief may be granted, in that it alleges that Defendant knew that the plaintiff was represented by counsel. *See Burger*, 94 F.Supp.2d at 294. It cannot be said that Plaintiff can prove no set of facts which would entitle him to relief. Accordingly, the Court denies Defendant's motion to dismiss as to Plaintiff's first claim for relief.

## C. 1692c(c)

■ Section 1692c(c) of the FDCPA states, in pertinent part:

> If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt . . . .

15 U.S.C. § 1692c(c). The plain language of the statute requires a written communication directly to the debt collector. Accordingly, in order to prevail on a claim pursuant to § 1692c(c), a plaintiff must establish that he notified the defendant debt collector in writing that he refused to pay the debt or that communications should cease. *See O'Connor v. Check Rite*, 973 F.Supp. 1010, 1017 (D.Colo.1997).

Here, Plaintiff's complaint alleges that Defendant violated § 1692c(c) because it contacted Plaintiff by mail after FSC, Defendant's client, had been notified in writing that Plaintiff wished FSC to cease further communication with Plaintiff. Plaintiff does not allege that he ever communicated with Defendant regarding the debt or that he ever requested that Defendant not communicate with him. To the contrary, the only alleged communication was with FSC. Therefore, Plaintiff's complaint fails to state a claim upon which relief may be granted under § 1692c(c) and the Court grants Defendant's motion to dismiss as to Plaintiff's second claim for relief.

## D. 1692e

■ Plaintiffs third claim for relief relies on § 1692e of the FDCPA. Section 1692e generally forbids the use of "any false, deceptive, or misleading representation or means in connection with the collection of a debt." 15 U.S.C. § 1692e.

Plaintiff alleges that the second demand letter sent to Plaintiff by Defendant, seeking payment of a debt which had already been paid in full pursuant to a settlement agreement, was false and misleading in violation of § 1692e. Defendant contends, however, that it made an unintentional error and argues that § 1692e requires that a defendant make a knowing misrepresentation before a violation occurs.

1. Defendant may also be able to establish that it is protected by § 1692k(c)'s "bona fide error" defense, which provides that "[a] debt collector may not be held liable under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c). This defense, however, is also appropriately brought on summary judgment.

■ The Court, however, cannot agree with Defendant's reading of the statute. The Second Circuit has held that the FDCPA is a strict liability statute. *See Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2d Cir.1996); *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir.1993). "[T]he degree of a defendant's culpability may only be considered in computing damages." *Bentley*, 6 F.3d at 63.

■ Defendant's rely on a decision by the Sixth Circuit applying § 1692k(c)'s "bona fide error" defense to protect a defendant from liability where the defendant made what was "at most a clerical error" when it had procedures in place "reasonably adopted to avoid any such error." *Smith v. Transworld Systems, Inc.*, 953 F.2d 1025, 1031 (6th Cir.1992). However, because § 1692e "imposes strict liability on any debt collector that fails to comply with the [FDCPA's] provisions, knowledge or intent is only a factor in the liability stage of the proceedings and need not be pled to state a prima facie case." *Kaplan v. Assetcare, Inc.*, 88 F.Supp.2d 1355, 1362 (S.D.Fla.2000). Accordingly, as discussed above in Part II.A., Defendant's "bona fide error" defense is more appropriately brought on summary judgment. Therefore, the Court denies Defendant's motion to dismiss as to Plaintiff's third claim for relief.

### E. 1682k(a)(3)

■ Defendant moves for sanctions pursuant to section 1692k(a)(3) of the FDCPA, which provides in relevant part:

> On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

15 U.S.C. § 1692k(a)(3). However, "[g]iven the necessity of determining that an action was brought in bad faith and for the purpose of harassment, such a finding cannot be made until the merits of the case are determined." *Boyce v. Computer Credit, Inc.*, No. C-3-96-148, 1997 WL 661856, at *1 (S.D.Ohio Sept. 3, 1997) (citing *Villarreal v. Snow*, No. 95-C-2484, 1997 WL 116801, at *3 (N.D.Ill.1997)). Accordingly, Defendant's motion is denied as premature. However, in the event further discovery reveals that Plaintiff's claim is brought in bad faith, Defendant will be entitled to the relief sought.

### III. CONCLUSION

Accordingly, it is

ORDERED that Defendant's motion to dismiss is GRANTED as to Plaintiff's second cause of action and DENIED in all other respects;

ORDERED that Plaintiff's second claim for relief be DISMISSED;

ORDERED that Defendant's motion for sanctions is DENIED without prejudice to refile; and it is further

ORDERED that the clerk serve a copy of this order on all parties by regular mail.

IT IS SO ORDERED.