# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-4057

_____

| | | |
|---|---|---|
| Paul J. Schmitt, | * | |
| | * | |
| Plaintiff-Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| FMA Alliance, doing business as FMA | * | District of Minnesota. |
| Alliance, Ltd.; FMA Alliance, Limited | * | |
| Partnership; FMA Alliance, L.P., a | * | [TO BE PUBLISHED] |
| State of Texas Limited Partnership, | * | |
| | * | |
| Defendant-Appellee. | * | |

_____

Submitted: November 19, 2004
Filed: February 9, 2005 (corrected 2/17/05)

_____

Before MURPHY, LAY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Paul J. Schmitt incurred a debt to First Bank U.S.A. ("First Bank"). He failed to pay the debt and he retained an attorney named William Michelson. Michelson informed First Bank that he represented Schmitt on January 10, 2001, and again on April 5, 2001. In both notices, Michelson advised First Bank that Schmitt was unable to pay the debt, that Schmitt was advised of his Chapter 7 bankruptcy rights, and that First Bank should advise its collection agency of Schmitt's representation. Sometime after receiving Michelson's second notice, however, First Bank transferred Schmitt's

account to the Defendants (collectively, "FMA") to collect from Schmitt. Thereafter, on July 9, 2002, FMA sent a letter directly to Schmitt seeking immediate payment, warning that interest will accrue on his account, and naming First Bank as the creditor.

Schmitt filed a complaint charging that the July 9th letter from FMA violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692c(a)(2), which prohibits a debt collector from contacting a debtor where the collection agency "knows" the consumer is represented by an attorney. The Magistrate Judge ("MJ") construed § 1692c(a)(2) to require actual knowledge and reasoned that although First Bank actually knew of Schmitt's representation, FMA did not. *See* Report and Recommendation of Chief Magistrate Judge Jonathan Lebedoff ("R&R") at 7-8. The district court[1] conducted a de novo review, adopted the MJ's recommendation, and dismissed the complaint without prejudice. *See* Order dated Nov. 14, 2003. Schmitt now appeals.

The FDCPA governs communication in connection with debt collection and states that

> (a) . . . Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt . . .
>
> (2) if the debt collector **knows** the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address . . . .

---

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota, presiding.

15 U.S.C. § 1692c(a)(2) (emphasis added). The FDCPA is a consumer protection statute that was created in response to abusive, deceptive, and unfair debt collection practices. Some courts have construed the term "knows" to require actual knowledge; others have held that the term refers to actual or implied knowledge. *See, e.g., Powers v. Prof'l Credit Servs.*, 107 F. Supp. 2d 166, 169 (N.D.N.Y. 2000) (creditor's actual knowledge can be imputed to collection agent "when the creditor has such knowledge and fails to convey it to . . . the debt collector"); *but cf. Randolph v. I.M.B.S., Inc.*, 368 F.3d 726, 729 (7th Cir. 2004) (stating that creditors' knowledge is not imputed to debt collectors). Our circuit has not yet addressed this issue.

In this case, Schmitt's complaint premised FMA's liability on the theory that a creditor's actual knowledge of a debtor's representation is imputed to its agent (i.e., the debt collection agency). Since First Bank possessed actual knowledge of Schmitt's representation prior to transferring collection of the debt to FMA, Schmitt argued that First Bank's actual knowledge should be imputed to FMA.

In response, FMA brought a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6), claiming the FDCPA requires a plaintiff to plead that the debt collector had actual knowledge of the plaintiff's representation. We affirm the district court's dismissal of Schmitt's complaint without prejudice and hold that a plaintiff must plead actual knowledge under the FDCPA in order to state a claim upon which relief may be granted.

The theory of implied knowledge contradicts established agency law, which dictates that while the knowledge of the agent is imputed to the principal, the converse is not true. *See S.O.G.-San Ore-Gardner v. Mo. Pac. R.R. Co.*, 658 F.2d 562, 567 (8th Cir. 1981) (stating that an agent cannot be imputed with information which the principal failed to disclose)*; Siharath v. Citifinancial Servs.* (*In re: Siharath*), 285 B.R. 299, 304 (Bankr. D. Minn. 2002) (holding that while an agent's knowledge is imputed to the principal due to the identity of interests that is presumed

when an agent acts within the scope of an agency relation, this rule "does not operate in the converse, and the agent cannot be imputed with the information which its principal has failed to give it")*; Waswick v. Stutsman County Bank (*In re: Waswick*), 212 B.R. 350, 353 & n.3 (Bankr. D. N.D. 1997).

Schmitt acknowledges this general principle of agency law, but claims that the FDCPA creates a specific exception to this rule. He highlights two cases to support his position: *Powers*, *supra*, and *Micare v. Foster & Garbus,* 132 F. Supp. 2d 77 (N.D.N.Y. 2001). In *Powers*, the court concluded that the FDCPA imposed a duty on the *creditor* to convey the material facts of the matter to the debt collector, including information regarding the attorney's representation of the debtor. *See* 107 F. Supp. 2d at 169. In *Micare*, the court held that a creditor's knowledge could be imputed to the *debt collector* where the creditor knew of the plaintiff's representation prior to transferring the file to the collector. *See* 132 F. Supp. 2d at 80. The *Micare* court reasoned that "[a]lthough the FTC Commentary [on the FDCPA] states that knowledge will not 'automatically' be imputed to the debt collector, it does not state that such knowledge cannot be imputed." *Id*. at 80.

We decline to follow either *Powers* or *Micare* and embrace the FDCPA as a special exception to general agency law. First, there is no textual basis within the statute to suggest that an exception to such a well-settled rule was intended. Second, "[a] distinction between creditors and debt collectors is fundamental to the FDCPA, which does not regulate creditors' activities at all." *Randolph*, 368 F.3d at 729. Thus, we have no authority to place a duty upon First Bank. Third, even if the FDCPA creates an exception allowing a principal's knowledge to be imputed to the agent under narrow circumstances, it is not clear on this record whether the relationship between a creditor and its debt collector is one of principal-agent. For instance, Schmitt claimed that FMA was the agent of First Bank, but in *Randolph,* the court stated that "debt collectors are independent contractors . . . ." *Id.* Even if we

hold as Schmitt requests, it appears we would not necessarily find the nexus for liability that Schmitt seeks.

Accordingly, the decision of the district court is AFFIRMED.

_____