# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3390

_____

Quentin Duhart

*Plaintiff - Appellant*

v.

LRAA Collections

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: June 9, 2016
Filed: June 15, 2016
[Unpublished]

_____

Before MURPHY, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Quentin Duhart alleges violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and the Arkansas Fair Debt Collection

Practices Act ("AFDCPA"), Ark. Code. Ann. § 17-24-504 et seq.[1] The district court[2] granted summary judgment to defendant LRAA Collections and Duhart appeals. Having jurisdiction under 28 U.S.C. § 1291, this Court affirms.

In November 2013, Duhart was injured in an automobile accident and was transported by the Little Rock Ambulance Authority ("LRAA") via ambulance. LRAA is a unit of the City of Little Rock, Arkansas, and also does business under the name of Metropolitan Emergency Medical Services ("MEMS"). LRAA used its d/b/a/ MEMS to provide ambulance services to Duhart and to initially bill Duhart for the expenses. When the invoices went unpaid, LRAA sent pre-collection letters from its in-house collections department, LRAA Collections. Duhart alleges the pre-collection actions of LRAA Collections violated the FDCPA.

The FDCPA prohibits "debt collectors" from using abusive, unfair, or deceptive practice to recoup money for consumers, but does not apply to creditors. *See Schmitt v. FMA Alliance,* 398 F.3d 995, 998 (8th Cir. 2005) (noting determination of whether defendant is creditor or debt collector is "fundamental" to claim). The FDCPA defines a creditor as "any person who offers or extends credit creating a debt or to whom a debt is owed." 15 U.S.C. § 1692a(4). But, "any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts" is treated as a debt collector under the FDCPA. *Id.* at § 1692a(6).

LRAA was attempting to collect its own debt, and used its own name to do so. Even though services were provided under the d/b/a/ MEMS and pre-collection

---

[1]The parties concede the factual and legal arguments apply equally to the FDCPA and the AFDCPA.

[2]The Honorable J. Leon Holmes, United States District Judge for the Eastern District of Arkansas.

actions were done under a different name, LRAA did not violate the FDCPA because LRAA reverted to its own name to collect the debt. *Id.* LRAA was allowed to use a variation of its name—LRAA Collections—to send pre-collection communications. *See* Statements of General Policy or Interpretation Staff Commentary On the Fair Debt Collection Practices Act, 53 FR 50097-02 (Dec. 13, 1988) ("[T]he creditor is not a debt collector if the creditor's correspondence is clearly labeled as being from the 'collection unit of the (creditor's name)'." ). Accordingly, LRAA is a creditor and the FDCPA does not apply.

The judgment is affirmed.

_____