IN THE UNITED STATES DISTRICT COURT FOR 
 THE MIDDLE DISTRICT OF ALABAMA 
 NORTHERN DIVISION 

DOROTHY RUSSAW, individually ) 
and on behalf of all others similarly ) 
situated, ) 
 ) 
 Plaintiffs, ) Case No. 2:19-cv-421-ALB 
 ) 
v. ) 
 ) 
SCOTT & ASSOCIATES, P.C., ) 
 ) 
 Defendant. 
 MEMORANDUM OPINION AND ORDER 
This matter comes before the court on Defendant Scott & Associates, P.C.’s 
Motion to Dismiss Plaintiff’s Amended Complaint Pursuant to Federal Rule 
12(b)(6). (Doc. 20). Upon consideration, the motion is GRANTED. 
 BACKGROUND 
Plaintiff Dorothy Russaw filed this suit against Scott & Associates alleging 
violations of the Fair Debt Collection Practices Act. Russaw notified either the 
creditor, Barclay’s Bank Delaware, or the collector, Scott & Associates in writing to 
cease and desist further communication. (Doc. 16 ¶32). After Russaw’s cease and 
desist, Scott & Associates sent Russaw the following letter, which is the subject of 
the present case. (Doc. 16 ¶¶32–54). 
 SCOTT & ASSOCIATES, PC 
 LICENSED IN AL, CA, DC, MD, NY, PA, SC, TN, TX, & VA 
 ATTORNEYS AT LAW 
 PO Box 115220 
 Carrollton, Texas 75011-5220 
 NYC Dept. of Consumer Affairs Lic. Nos 2044998 and 2045102 
 12/13/2018 
 Dorothy Russaw 
 330 Farmer Rd 
 Midway, AL 36053 

 Re: Creditor: Barclays Bank Delaware 
 Product: Upromise Mastercard 
 Original Account Number: XXXXXXXXXXXXK 1441 
 Amount Owed: $2,503.53 
 Our Account Number: 1362634 
 Dea: Dorothy Russaw, 
 This law firm represents Barclays Bank Delaware in connection with the above-stated claim (the “Account’). Barclays 
 Bank Delaware is the owner and holder of the Account and as of the writing of this letter. the amount owed on the 
 Account is $2,503.53. 
 At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. However, 
 if you fail to coritact this office, vur client may consider additonal remedies to recover the balance due, 
 You have either sent this Firm or our Client a Cease and Desist notification in writing. Under Section 15 USC 1692c of 
 the FDCPA. this letter will serve the following purposes: 
 (1) To advise the consumer that the debt collector’s further efforts are being terminated; 
 (2) To notify the consumer that the debt collector or creditor may invoke specified remedies which are 
 ordinarily invoked by such a debt collector or creditor 
 If you have questions about this Account, you ma} contact us at 866-298-3155 between the hours of SAM-6PM 
 CST, M-F. Otherwise, the Firm will consider all remedies available to recover the balance due. 
 Sincerely, 
 Scott & Associates, PC 

 * This law firm is a debt collector and this is an attempt to collect a debt. Any information obtained from you will be 
 used by this law firm for that purpose. Unless you dispute the validity of the debt, or any portion thereof, within thirty 
 days after you receive this letter, we will assume that the debt is valid. If, within this thirty-day period, you notify our 
 law firm in writing that you dispute the debt, or any portion of the debt, we will obtain a verification of the debt from 
 our client or obtain a copy of a judgment and a copy of such verification will be mailed to you by the firm. Within 30 
 days of your receipt of this letter, you may send to us a written request that we provide to you the name and address of 
 the original creditor, if different from the current creditor, and we will do so. 
 □□□□□□□□□□□□□□□□□□□□□ LaPtegHeesrpeeSeene Nap SR EASE Acer tect ogee ong sees este TEL 
 SCOTT & ASSOCIATES, PC : 
 Tel: (866) 298-3155 @ POBox 115220, Carrollton, Texas 75011 @ Fax: (214) 234-8454 □□ 

(Doc. 16-1).

Russaw makes claims under the FCPA arising from this letter. Count One 
asserts that the letter violates 15 U.S.C. §1692c, which prohibits a debt collector 

from communicating with a debtor after receiving a cease and desist letter. (Doc. 16 
¶¶22–54). Count Two alleges that the letter makes false, deceptive, or misleading 
representations in connection with the collection of a debt in violation of 15 U.S.C. 

§1692e. (Doc. 16 ¶¶55–77). 
Scott & Associates filed an initial motion to dismiss because Russaw had not 
alleged to whom she sent her cease and desist letter. (Doc. 14 at 5–8). Russaw 
amended her complaint in response to the motion, but again failed to allege to whom 

she sent the letter. (Doc. 16 ¶32). Scott & Associates renewed its motion to dismiss. 
(Doc. 20). 
 DISCUSSION 

Scott & Associates argues that the Amended Complaint should be dismissed 
in its entirety. Scott & Association argues that Russaw has not alleged that she sent 
a cease and desist letter to a “debt collector,” which is a necessary precondition to 
invoke 15 U.S.C. §1692c. It also argues that its letter is consistent with the FCPA 

because the Act expressly carves out an exception for this type of contact and the 
letter is not contradictory or confusing. Russaw counters that she should be entitled 
to an inference that she sent Scott & Associates the letter, that Scott & Associates 
was not allowed to contact her after receiving the cease and desist, and that the letter 
is confusing. 

When evaluating a motion to dismiss, the court assumes the factual allegations 
are true and construes them in the light most favorable to the plaintiff. Hishon v. 
King & Spalding, 467 U.S. 69, 73 (1984); Duke v. Cleland, 5 F.3d 1399, 1402 (11th 

Cir. 1993). “To avoid dismissal the complaint must contain sufficient factual matter 
… to state a claim to relief that is plausible on its face.” Gates v. Khokhar, 884 F.3d 
1290, 1296 (11th Cir. 2018) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) 
(internal quotation marks omitted). Whether a complaint is plausible depends on 

whether “it contains sufficient facts to support a reasonable inference that the 
defendant is liable for the misconduct alleged.” Id. (emphasis added). 
 A. Count One is due to be dismissed. 

Count One of the Amended Complaint arises under 15 U.S.C. §1692c. Under 
this section of the FDCPA, “[i]f a consumer notifies a debt collector in writing that 
the consumer refuses to pay a debt or that the consumer wishes the debt collector to 
cease further communication with the consumer, the debt collector shall not 

communicate further with the consumer with respect to such debt …” except for 
three specific exceptions. 15 U.S.C. §1692c(c). Scott & Associates argues that this 
Count is due to be dismissed for two reasons. 
1. Russaw Has Not Alleged She Notified a “Debt Collector” 
Scott & Associates argues that this count fails to state a claim because the 

Amended Complaint does not allege that Russaw sent a cease and desist letter to a 
“debt collector,” i.e. Scott & Associates. Indeed, although Russaw’s Amended 
Complaint asserts that she mailed a cease and desist letter to someone, it pointedly 

does not identify to whom she sent the cease and desist letter. 
In response, Russaw points out that the letter she received from Scott & 
Associates indicates that either Scott & Associates or the creditor that hired it 
received her letter. That allegation is enough to state a claim, she argues, for two 

reasons. 
First, Russaw argues that notifying either a debt collector or a creditor is 
enough to invoke the protections of this section of the FDCPA. But that argument is 

inconsistent with the plain text of the statute. “[U]nlike debt collectors, creditors 
typically are not subject to the FDCPA.” Davidson v. Capital One Bank (USA), N.A., 
797 F.3d 1309, 1313 (11th Cir. 2015). “Creditor” and “debt collector” are defined 
terms in the statute. 15 U.S.C. §1692a. And “debt collector” is expressly defined not 

to include a creditor, except in unusual circumstances: 
The term “debt collector” means any person who uses any 
instrumentality of interstate commerce or the mails in any business the 
principal purpose of which is the collection of any debts, or who 
regularly collects or attempts to collect, directly or indirectly, debts 
owed or due or asserted to be owed or due another.... The term does not 
include— 
(A) any officer or employee of a creditor while, in the name of the 
creditor, collecting debts for such creditor; 
  
15 U.S.C. §1692a(6). “The language of our laws is the law.” CBS Inc. v. PrimeTime 
24 Joint Venture, 245 F.3d 1217, 1227 (11th Cir. 2001). According to the plain 
language of the FCPA, a consumer must contact a “debt collector,” not a creditor, to 
invoke the protection of this section of the statute. See Dahl v. Kohn Law Firm S.C., 
2019 WL 2230718, at *2 (W.D. Wis. May. 23, 2019) (dismissing claim under 
Section 1692c(c) when plaintiff failed to allege written notice was provided to 

collector); Micare v. Foster Garbus, 132 F. Supp. 2d 77, 81 (N.D.N.Y. 2001) (same). 
Second, Russaw contends that her allegations allow two equally plausible 
inferences—i.e. that she sent a letter either to Scott & Associates or to the creditor—

and that the Court should draw the inference in her favor that she sent her cease and 
desist letter to Scott & Associates. Russaw is correct that, even when assertions in a 
complaint are ambiguous, they should be construed in the light most favorable to the 
plaintiff. See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration 

Alliance, 304 F.3d 1076, 1083–84 (11th Cir. 2002). But plaintiffs in Russaw’s 
position are entitled only to reasonable inferences. Gates, 884 F.3d at 1296. And the 
circumstances surrounding Russaw’s amended complaint make her suggested 

inference unreasonable. This information is uniquely within Russaw’s possession—
she knows where she sent the letter. And, after Scott & Associates filed its first 
motion to dismiss that raised this issue, Russaw filed an amended complaint as her 
response. But Russaw’s amended complaint still failed to allege to whom she had 

sent the letter. It makes very little sense to read into the amended complaint an 
allegation that Russaw sent her letter to Scott & Associates when Russaw pointedly 
declined to make that very allegation.1 

2. Even if Russaw notified a “debt collector,” Scott & Associates’ Letter 
Complies with Exceptions in the Act. 

In any event, even if Russaw had properly alleged that she contacted Scott & 
Associates, Scott & Associates would still win on the merits. Once a consumer 
properly issues a cease and desist notice, the FDCPA prohibits the debt collector 
from further communication with the consumer while preserving three important 
carve-outs. 15 U.S.C. §1692(c)(c). The debt collector may (1) advise the consumer 
that the collector’s further efforts are being terminated, (2) notify the consumer that 
the collector or creditor “may invoke specified remedies” which they ordinarily 
invoke, or (3) notify the consumer that the collector or creditor “intends to invoke a 

specified remedy.” Id. Here, Russaw claims that once the cease and desist notice is 
sent, the collector cannot communicate further with the debtor. But this argument 
ignores the express exceptions Congress created. Scott & Associates’ letter follows 

                                                             
1 The Court would normally allow a plaintiff in these circumstances a second, final chance to 
amend the complaint to resolve this problem. See Corsello v. Lincare, Inc., 428 F.3d 1008, 1014 
(11th Cir. 2005). But Russaw did not ask for leave to amend. And, because the Court concludes 
that the amended complaint fails for other reasons, there is no point in allowing Russaw another 
amendment. 
the Act by advising Russaw that it is terminating further collection efforts and 
notifying Russaw that the creditor may invoke specified remedies in the future. 

Russaw’s partial reading of the statute is unavailing. 
B. Count Two is also due to be dismissed. 
Similarly lacking merit is Russaw’s claim that Scott & Associates violated 

Section 1692(e)’s prohibition on false or misleading representations. The FDCPA 
prohibits collectors from using “false, deceptive, or misleading representation[s] or 
means in connection with the collection of any debt.” 15 U.S.C. §1692(e). Among 
these prohibited practices are misrepresenting the collector’s identity; the status, 

character, or amount of the debt; or the effects of transferring the debt. 15 U.S.C. 
§1692(e)(1)–(3), (6), (9), (11)–(12), (16). The Act also prohibits threatening illegal 
action such as unlawful arrest or seizure of property. 15 U.S.C. §1692(e)(4)–(5). 

The letter at issue here is not false, deceptive or misleading. The letter tracks 
the language of the statute. Shortly after initial contact with a consumer, the FDCPA 
requires a debt collector to provide a consumer with the identity of the creditor, the 
amount of the debt, and a statement that the debtor has 30 days to dispute the debt. 

15 U.S.C. §1692g(a). There is no allegation that any of these matters were 
mispresented. Similarly, Scott & Associates notified Russaw that it was ceasing 
current collection efforts but might pursue legal remedies in the future. This 

statement is not, as Russaw claims, contradictory. A debt collector—like a law 
firm—may well cease collection communications with the debtor while it explores 
legal remedies, such as wage garnishment. The debtor still owes the debt, even if the 

debt collector must cease communications about it. Section 1692(c) expressly allows 
a collector to advise the consumer that further efforts to collect are being terminated, 
to notify the consumer that specified remedies may be invoked, or to notify the 

consumer that specified remedies are being invoked. The statute does not limit which 
exceptions the collector may use, nor does it limit the collector to choosing between 
the three. A letter that makes accurate statements that are required or allowed by the 
FDCPA is not false or misleading under that statute. 

 CONCLUSION 
Based on the above reasoning, Scott & Associates’ Motion to Dismiss is 
GRANTED. The Amended Complaint is DISMISSED WITH PREJUDICE. 

DONE and ORDERED this 24th day of October 2019. 

 /s/ Andrew L. Brasher 
 ANDREW L. BRASHER 
 UNITED STATES DISTRICT JUDGE