**Dorothy NAIL, Plaintiff-Appellant,**

**v.**

**The COMMUNITY ACTION AGENCY OF CALHOUN COUNTY; Nimrod Q. Reynolds, Executive Director of the Community Action Agency of Calhoun County and Linda Price, Director of Headstart, Defendants-Appellees.**

**No. 86–7340**

**Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Dec. 16, 1986.

Katheree Hughes, Jr., Birmingham, Ala., for plaintiff-appellant.

Donald V. Watkins, Montgomery, Ala., for defendants-appellees.

Before RONEY, Chief Judge, HILL and KRAVITCH, Circuit Judges.

PER CURIAM:

Appellant Dorothy Nail brought an action against her former employer under 42 U.S.C. § 1983 alleging that she had been illegally discharged. Her employer, the Community Action Agency of Calhoun, Cleburne and Cherokee Counties, Inc., (hereinafter referred to as "Agency") filed a motion to dismiss or, in the alternative, for summary judgment. The Agency contended that Ms. Nail failed to allege any facts demonstrating that it was an agent of the State of Alabama or the federal government, and therefore failed to show that her dismissal was done under color of law. The district court granted the Agency's motion on January 7, 1986. It then relented and gave Ms. Nail ten days in which to file additional evidence. After evaluating this additional material, the district court issued a final order granting the Agency's motion for summary judgment, and dismissed the action with prejudice.

The Agency is a non-profit private corporation, and it was incorporated under the laws of Alabama governing nonprofit corporations. Ms. Nail was employed with the Agency as a teacher's aide in the Headstart Program from 1970 to 1984. In 1984, Ms. Nail filed a grievance with the Agency in which she expressed dissatisfaction with her pay increases. Her grievance was processed through the appropriate local channels without any significant problems. However, after Ms. Nail's grievance left the local level, she did not receive any word on the status of her complaint. She finally called an official of the national headquarters of Headstart to discuss her grievance. Soon thereafter she was fired for allegedly violating the stated grievance procedures. Ms. Nail then filed her complaint in district court.

## DISCUSSION

A claim for relief under 42 U.S.C. § 1983 must contain two essential elements. First, the conduct complained of must have deprived plaintiff of a right, privilege or immunity secured by the constitution or laws of the United States. Second, the conduct complained of must have been committed by a person acting under color of state law. These two elements are jurisdictional requisites for a section 1983 action. *See Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981). The district court found that Ms. Nail failed to prove that the defendants in her case were acting under the color of state law. We agree and therefore affirm the dismissal of her case.

A private party may be so closely connected to the state that its activities may be attributed to the state. However, extensive regulation by the state is not enough to establish state action. The complaining party must show "a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself." *Blum v. Yaretsky*, 457 U.S. 991, 1004, 102 S.Ct. 2777, 2786, 73 L.Ed.2d 534 (1981) (quoting *Jackson v. Metropolitan Edison*, 419 U.S. 345, 351, 95 S.Ct. 449, 453, 42 L.Ed.2d 477 (1974). Normally, a state can be held responsible for a private decision only when it has "exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed that of the state." *Blum*, 457 U.S. 991, 1004, 102 S.Ct. 2777, 2786, 73 L.Ed.2d 534 (citing *Flagg Bros. Inc. v. Brooks*, 436 U.S. 149, 166, 98 S.Ct. 1729, 1738, 56 L.Ed.2d 185 (1978).

The Supreme Court addressed this issue in *Rendell-Baker v. Kohn*, 457 U.S. 830, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982), whose facts closely resemble this case. The Court decided that although a private school was extensively regulated by the state, received most of its funding from state sources, and served a "public function," the actions of the school officials in personnel decisions could not be considered state action. The court stated:

[T]he decisions to discharge the petitioners were not compelled or even influenced by any state regulation. Indeed, in contrast to the extensive regulation of the school generally, the various regulators showed relatively little interest in the school's personnel matters. The most intrusive personnel regulation promulgated by the various government agencies was the requirement that the Committee on Criminal Justice had the power to approve persons hired as vocational counselors. Such a regulation is not sufficient to make a decision to discharge, made by private management, state action.

*Id.* at 841–42, 102 S.Ct. at 2771.

The case presented by Ms. Nail is even less compelling. It is true that both the state of Alabama and the federal government, through the Department of Health and Human Services, provide significant funding to the Agency for a variety of projects. Specifically, Health and Human Services funds the Headstart Program where Ms. Nail was employed. However, none of the specific personnel decisions are controlled by state or federal regulations. The state and federal officials in this case

did not even have the approval power cited as insufficient to constitute state action in *Rendell-Baker*. Federal regulations governing the Headstart Program do require that the contracting agencies establish personnel policies, and that such policies deal with the questions of staff qualifications, benefits and employee grievance procedures. 45 C.F.R. § 1301.31. However, they need only be approved by the Headstart Policy Council, which is a body made up of people within the contracting agency itself, as well as parents and other interested parties whom the contracting agency has appointed to serve on the Headstart Policy Counsel. Nor does Ms. Nail present any evidence that the state of Alabama regulated the agency's personnel decisions in any manner.

The extensive documentation accompanying her motion in opposition to summary judgment does prove that the Agency received large amounts of state and federal funding, and that it developed its own personnel guidelines as required by Headstart regulations. However, under the standard set forth in *Rendell-Baker*, this type of proof is clearly insufficient to establish that the decision to dismiss her was made under color of state law. Accordingly the district court's decision to dismiss the case is

AFFIRMED.