**Janet MOGLIA, Plaintiff,**

v.

**SULLIVAN COUNTY HEAD START, INC., and Bertha Williams, sued in her individual capacity, Defendants.**

**No. 97 Civ. 4891(BDP).**

United States District Court, S.D. New York.

Dec. 22, 1997.

Stephen Bergstein, Sussman, Bergstein, Wotorson & Whateley, Goshen, NY, for Plaintiff.

Kenneth C. Klein, Liberty, NY, for Defendants.

## MEMORANDUM DECISION AND ORDER

PARKER, District Judge.

This matter comes before the Court on defendants' motion for summary judgment. The principal, and dispositive, issue is whether Sullivan County Head Start, Inc. was acting under color of law in discharging the plaintiff.[1] 42 U.S.C. § 1983. Although this precise issue has not been addressed by our Circuit, it has been carefully and recently reviewed by other Courts of Appeal. *See Morse v. North Coast Opportunities, Inc.*, 118 F.3d 1338 (9th Cir.1997); *Nail v. Community Action Agency of Calhoun County*, 805 F.2d 1500 (11th Cir.1986) (following the reasoning of *Rendell–Baker v. Kohn*, 457 U.S. 830, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982)). *Morse* and *Nail* concluded—on facts not reasonably distinguishable from this case—that despite receiving extensive federal funding, and despite pervasive federal regulation, Head Start personnel decisions are not taken "under color of law." First, federal and state officials lack control of Head Start programs' personnel decisions adequate to render personnel actions in such programs "under color of law." *Morse v. North Coast Opportunities, Inc.*, 118 F.3d at 1342; *Nail v. Community Action Agency of Calhoun County*, 805 F.2d at 1501. Second, Head Start programs neither perform functions that are "traditionally the exclusive pre-

rogative" of the government nor have the "symbiotic relationship" with the government necessary to be considered state actors under *Rendell–Baker. Morse v. North Coast Opportunities, Inc.*, 118 F.3d at 1343. Accordingly, I find that the Sullivan County Head Start program is not a governmental entity for the purposes of constitutional litigation, and grant defendants' motion for summary judgment.

Plaintiff's pendant State law claims are dismissed without prejudice. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

**SO ORDERED.**

---

1. Both parties assume that this case was properly brought under § 1983, and that the relevant question is whether the personnel decisions of the Sullivan County Head Start program were undertaken under color of state law. I note, however, that the plaintiff more clearly asserts federal than state action, and could also have brought this claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), with identical results. *See Morse v. North Coast Opportunities, Inc.*, 118 F.3d at 1340, n. 4.