Marcia ASHBY, Plaintiff,

v.

ECONOMIC OPPORTUNITY COMMISSION OF NASSAU COUNTY, INCORPORATED, County of Nassau, and Jean Davis, in her individual capacity, Defendants.

No. CV–03–3474.

United States District Court,
E.D. New York.

Sept. 3, 2004.

Ambrose W. Wotorson, Jr., Law Offices of Ambrose Wotorson, Brooklyn, NY, for Plaintiff.

Allen B. Breslow, Allen B. Breslow, Esq., Commack, NY, Meredith A. Feinman, Nassau County Attorney, Mineola, NY, for Defendants.

## MEMORANDUM AND ORDER

PLATT, District Judge.

Individual Defendants the Economic Opportunity Commission of Nassau County ["the EOC"] and Jean Davis [collectively, "Defendants"] move for dismissal under Federal Rule of Civil Procedure 12(b)(6) of the 42 U.S.C. § 1983 claim of Plaintiff Marcia Ashby. Section 1983, civil actions for the deprivation of rights, provides that every person who, *under color of law,* subjects any United States citizen to the deprivation of her constitutional rights, shall be liable to her. For the following reasons, the EOC's and Ms. Davis' motion is **GRANTED**.

### Background

Ms. Ashby worked for the EOC, first as a Disability Coordinator/Early Childhood Specialist and then as Supervisor of the Head Start program, from 1997 until her termination on the grounds of insubordination in 2002. She sues under Section 1983 for damages relating to what she alleges is her wrongful discharge from her position. Defendants claim that neither the EOC nor Ms. Davis are "state actors" within the meaning of Section 1983. Ms. Ashby argues that "adequate ties" exist between the EOC and Nassau County "for state action purposes." *See* Defendants' Memorandum of Law in Support of the EOC's and Ms. Davis' Motion to Dismiss at 1–2; Ashby's Memorandum of Law in opposition to Defendants' Motion to Dismiss at 1.

### Standard of review

In a Rule 12 motion to dismiss for failure to state a claim upon which relief may be granted, Defendants must demonstrate that even if Ms. Ashby's allegations are accepted as true, and all reasonable inferences are drawn in Plaintiffs' favor, she is still not entitled to the relief sought. *See, e.g., Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).

Section 1983 applies to the deprivation of rights under the color of law by state actors. As the United States Court of Appeals for the Second Circuit stated in *Tancredi v. Metropolitan Life Ins. Co.,* 316 F.3d 308, 312–13 (2d Cir.2003), a plaintiff claiming a violation of her constitutional rights under § 1983 is required to show state action, and to satisfy this requirement where the defendant is a private entity, the alleged conduct must be fairly attributable to the state.

### Analysis

Defendants rely chiefly upon the decision involving the same defendant in *Archer v. Economic Opportunity Comm'n of Nassau Co., Inc.,* 30 F.Supp.2d 600 (E.D.N.Y.1998), which found that as the plaintiffs failed to establish that the EOC acted under color of law, the defendants were entitled to summary judgment on the plaintiffs' constitutional claims, including that of a Section 1983 violation. *Id.* at

606.[1]  While acknowledging that the EOC (i) depends upon government funding, (ii) includes government officials on its board of directors, and (iii) operates a government-regulated Head Start program, Defendants urge this Court to also decide, as did the *Archer* court, that the EOC is not a state actor.  Ms. Ashby argues that these same three factors—government funding, government officials on the board, and government regulation—set forth a rationale under which the EOC may be found to be a state actor.  *See* Ashby's Memorandum at 4; Defendants' Memorandum at 5.

Both parties, and the *Archer* court, agree that the relevant tests in deciding the existence of state action were forth by the United States Supreme Court in its decisions in *Blum v. Yaretsky*, 457 U.S. 991, 102 S.Ct. 2777, 73 L.Ed.2d 534, and *Rendell–Baker v. Kohn*, 457 U.S. 830, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982); and *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961). These tests are those of (i) symbiotic relationship, (ii) state compulsion, and (iii) public function.

The *Archer* court found that under *Burton*'s symbiotic relationship test, 365 U.S. at 725, 81 S.Ct. 856, the fact that the EOC receives 95% of its funding from the government did not make the EOC a state actor.  *See Archer* at 605.  The *Archer* court also found that under *Blum*'s state compulsion test, 457 U.S. at 1004, 102 S.Ct. 2777, the fact that one-third of the EOC's board members are public officials, which board must approve decisions to hire and fire EOC employees, and which also must approve changes to the EOC's operations manual, did not make the EOC a state actor.  *See Archer* at 605–606.  Finally, the *Archer* court found that under *Rendell–Baker*'s public function test, 457 U.S. at 842, 102 S.Ct. 2764, despite the fact that the EOC serves the public, "the services provided are not the exclusive province of the state," and they do not make the EOC a state actor, either.  *Archer* at 606.

As the court said in *EOC v. Nassau*, 47 F.Supp.2d at 357, the EOC is indeed a private, nonprofit corporation—albeit one with many ties to the government.  Ms. Ashby seeks, at a minimum, further discovery regarding which of the members of the EOC's board, who may have been public officials, may have had a role in her dismissal.  *See* Ashby's Memorandum at 4–5.

But while Ms. Ashby may have been wrongfully discharged from her position as Supervisor of the Head Start program, and while she may have a Section 1983 claim against Nassau County (which question was not raised on this motion), her claims for relief against the EOC and Ms. Davis more properly lie in State court, under a variety of theories of recovery, than in federal court under the aegis of the civil rights statute.  This Court agrees with the *Archer* court that the EOC is not a state actor within the meaning of Section 1983.[2]  The EOC is a private entity separate and distinct from the government of

---

1.  Defendants also cite language in *Economic Opportunity Comm'n of Nassau County, Inc. v. Nassau County*, 47 F.Supp.2d 353, 357 (E.D.N.Y.1999) stating that the EOC "is a private, nonprofit corporation."

2.  *See also Moglia v. Sullivan Co. Head Start*, 988 F.Supp. 366, 367 (S.D.N.Y.1997) (finding on a motion for summary judgment "that the Sullivan County Head Start program is not a governmental entity for the purposes of constitutional litigation"); *Joseph v. Ulster County Cmty. Action Comm., Inc.*, 475 F.Supp. 944, 947–48 (S.D.N.Y.1979) (finding on a motion to dismiss that the Ulster County Community Action Commission, which supervised the local Head Start program, was not a state actor).

Nassau County, with both the advantages and disadvantages that appertain thereto. Accordingly, the motion to dismiss Ms. Ashby's claim Section 1983 against the EOC is **GRANTED**.

As the Court determines that the EOC is not a state actor within the meaning of Section 1983, it follows, *ipso facto*, that neither is Ms. Davis, the Deputy Director of the EOC. As such, the motion to dismiss Ms. Ashby's claim against Ms. Davis is also **GRANTED**.

### Conclusion

For the foregoing reasons, Defendants' motion to dismiss Ms. Ashby's Section 1983 claims against the EOC and Ms. Davis is **GRANTED**. Neither the EOC nor Ms. Davis are state actors within the meaning of that statute.

**SO ORDERED.**