**Marcia ASHBY Plaintiff,**

v.

**COUNTY OF NASSAU, Defendant.**

**No. CV–03–3474.**

United States District Court, E.D. New York.

Dec. 23, 2004.

Ambrose W. Wotorson, Jr., Law Offices of Ambrose Wotorson, Brooklyn, NY, for Plaintiff.

Meredith A. Feinman, Nassau County Attorney, Mineola, NY, Allen B. Breslow, Allen B. Breslow, Esq., Commack, NY, for Defendants.

### MEMORANDUM AND ORDER

PLATT, District Judge.

Defendant County of Nassau ("Nassau County") moves for dismissal of the 42 U.S.C. § 1983 claim of Plaintiff Marcia Ashby under Federal Rule of Civil Procedure 12(b)(6).

For the following reasons, Nassau County's motion to dismiss is **GRANTED**; but this claim is **DISMISSED, WITHOUT PREJUDICE AND WITH LEAVE TO RENEW** within twenty (20) days from the date of this order.

## Background

On September 3, 2004, this Court dismissed Ms. Ashby's Section 1983 claims against Individual Defendants the Economic Opportunity Commission of Nassau County ("the EOC") and Ms. Jean Davis for neither Defendant was a state actor within the meaning of 42 U.S.C. § 1983. *Ashby v. Economic Opportunity Commission of Nassau County, et. al.,* No. 03–3474, slip op. at 5, 2004 WL 3090275, 351 F.Supp.2d 27, 29 (E.D.N.Y. Sept. 3, 2004). The undersigned assumes familiarity with this earlier decision and with the statement of facts set forth more fully therein.[1]

## Standard of Review

In a Rule 12 motion to dismiss for failure to state a claim upon which relief may be granted, the defendant must demonstrate that even if plaintiff's allegations are accepted as true, and all reasonable inferences are drawn in plaintiff's favor, she is still not entitled to the relief sought. *See, e.g., Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). The Court's role at this stage of the litigation is not to weigh the evidence that might be presented at a trial but instead to determine whether the Complaint is legally sufficient. *Goldman v. Belden,* 754 F.2d 1059, 1067 (2d Cir.1985). It therefore follows that this Court must accept the allegations of the Complaint as true, and construe all reasonable inferences in favor of Ms. Ashby. *Koppel v. 4987 Corp.,* 167 F.3d 125, 130 (2d Cir.

1999); *see also Connell v. Signoracci,* 153 F.3d 74, 80 (2d Cir.1998); *LaBounty v. Adler,* 933 F.2d 121, 123 (2d Cir.1991).

## Analysis

Section 1983 applies to the deprivation of rights under the color of law by state actors. Ms. Ashby alleges that her civil rights were violated when the EOC terminated her employment: "By terminating plaintiff without notice, an opportunity to be heard, or progressive discipline, defendants, who are state actors, violated the Due Process Clause of the Fourteenth Amendment of the United States Constitution. This violation is made actionable through 42 U.S.C. Section 1983." Compl. ¶ 26.

This Court previously held that the EOC was not liable under 42 U.S.C. § 1983 because the EOC is not a state actor "within the meaning of Section 1983," and "[t]he EOC is a private entity, separate and distinct from the government of Nassau County ...." *Ashby* at 5, 2004 WL 3090275 at *2, 351 F.Supp.2d at 29.

■ As to whether Nassau County may be liable under Section 1983,

[A] State normally can be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State. Mere approval of or acquiescence in the initiatives of a private party is not sufficient to justify holding the State responsible for those initiatives under the terms of the Fourteenth Amendment.

*Blum v. Yaretsky,* 457 U.S. 991, 1005, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (citations omitted). In order to make out a claim against a municipality under Section 1983,

---

1. The Court notes that Ms. Ashby's opposition brief for the present motion is identical to her

opposition brief for the EOC and Ms. Jean Davis's motion to dismiss.

a plaintiff must further show that the deprivation of her rights occurred pursuant to a municipal custom or policy of depriving persons of those rights. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2038, 56 L.Ed.2d 611, 638 (1978); *see also Mandell v. County of Suffolk*, 316 F.3d 368, 385 (2d Cir.2003); *Economic Opportunity Comm'n of Nassau County v. Nassau County*, 47 F.Supp.2d 353, 370–71 (E.D.N.Y.1999). Moreover, the municipal policy or custom must be the "moving force of the constitutional violation." 436 U.S. at 694, 98 S.Ct. 2018.

■ The Complaint, as it stands, is problematic even under the liberal pleading standard set forth for § 1983 claims in *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). Ms. Ashby does not allege a causal connection between any policy or custom of Nassau County and the alleged violation of her civil rights. Although Ms. Ashby claims that Nassau County is responsible for the EOC's decision to terminate her employment through "significant encouragement, either overt or covert"[2] Ms. Ashby does not, however, proffer any facts in support of these conclusory allegations. Ms. Ashby merely offers "bald assertions and conclusions of law," together which do not prevent the dismissal of a complaint pursuant to Fed.R.Civ.P. 12(b)(6). *See Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir.1996).

Ms. Ashby's pleadings suffer on other, more basic grounds, too. Ms. Ashby pleads no facts showing that Nassau County even had a relationship with the EOC on December 2, 2002, or that Nassau County exercised any influence or control over the decision by the EOC to terminate her on or about that same date. The Complaint does aver that "numerous Nassau County officials sit on the [EOC]'s Board of Directors and are able to direct policy decisions, including personnel policy decisions,"[3] but this present tense assertion does not state whether any Nassau County officials were members of the EOC's Board of Directors at the time Ms. Ashby was fired. Moreover, although Ms. Ashby claims that members of the Board of Directors "are able" to direct personnel policy decisions, the Complaint is devoid of any facts establishing that Nassau County *did* exercise any control or direction over the EOC in connection with Ms. Ashby's termination.

### Leave to Amend

Ms. Ashby's claim hinges upon the existence of a policy or custom of Nassau County which led to the deprivation of Ms. Ashby's civil rights. Ms. Ashby alleges nothing in her Complaint to demonstrate any culpability whatsoever on behalf of Nassau County related to the EOC's decision to terminate her employment nor does the Complaint explain how Nassau County deprived Ms. Ashby of her civil rights. Nassau County's motion to dismiss Ms. Ashby's Section 1983 claim must therefore be dismissed.

Ms. Ashby is nevertheless granted leave to amend her Complaint in accordance with Fed.R.Civ.P. 15(a). *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir.1991); *see also Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir.1991) (it is the usual practice upon granting a motion to dismiss to allow leave to replead). Should Ms. Ashby choose to replead, it is suggested that she explain in her amended Complaint with the requisite particularity (and if she may do so, consistent with her obligations under Fed.R.Civ.P. 11) how a poli-

---

**2.** Complaint ¶ 5.

**3.** Complaint ¶ 11.

cy or custom of Nassau County led to a deprivation of her civil rights.

### Conclusion

Nassau County's motion to dismiss Ms. Ashby's Section 1983 claim is **GRANTED**; but this claim is **DISMISSED, WITHOUT PREJUDICE AND WITH LEAVE TO RENEW** within twenty (20) days from the date of this order.

**SO ORDERED.**